## Ex parte UPCHURCH.   (7 Div. 696.)

Supreme Court of Alabama.   March 31, 1927.

1. Equity ⬦419—"Motion for new trial" after decree pro confesso held application for rehearing, on which extrinsic facts relevant to case made by record may be considered (chancery court rule 81).

Motion referred to as motion for new trial after decree pro confesso against movant *held* properly an application for rehearing, under chancery court rule 81 (4 Code 1923, p. 932), which is not limited in application to cases where there has been actual trial and does not exclude consideration of extrinsic facts if relevant and pertinent to case made by record.

2. Equity ⬦419—Order setting date for hearing on application for rehearing after decree pro confesso held sufficient order of continuance (Code 1923, § 6670; chancery court rule 81).

Order indorsed on application for rehearing, made under chancery court rule 81 (4 Code 1923, p. 932), within 30 days after rendition of final decree pro confesso, as required by Code 1923, § 6670, "the above motion presented to me this 18th day of May, 1926, is set for hearing * * * on the 5th day of June, 1926," *held* a substantial compliance with rule requiring order of continuance if application is not acted on within such time.

3. Appeal and error ⬦87(6)—Mandamus ⬦172—Chancellor's decision on application for rehearing is not reviewable by appeal or mandamus (chancery court rule 81).

Rehearings in equity under chancery court rule 81 (4 Code 1923, p. 932), rest in sound discretion of chancellor, whose decision is not reviewable on appeal or by mandamus.

Original petition by W. M. Upchurch for mandamus to Hon. E. S. Lyman, as Judge of the Circuit Court of Clay County. Writ denied.

A. L. Crumpton, of Ashland, for petitioner.

The motion for new trial failed to show that movant had a meritorious defense; mere allegation of a conclusion that it did so have is not sufficient. Chastain v. Armstrong, 86 Ala. 215. New trial should not be granted where movant is negligent in interposing its defense. Ex parte Hooper, 18 Ala. App. 490, 93 So. 283; Ex parte Jones, 207 Ala. 697, 93 So. 661; Brown v. Brown, 213 Ala. 339, 105 So. 171. It is abuse of discretion to vacate a decree where the moving party shows no legal ground therefor or offers no excuse for his own negligence. 23 Cyc. 896. The motion was not one for rehearing under chancery rule 81.

Pruet & Glass, of Ashland, and Steiner, Crum & Weil, of Montgomery, for respondent.

The motion here was in the nature of an application for rehearing to set aside a de-

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cree rendered by default. Chancery rule 81, 4 Code 1923, § 928. The order on the motion was substantial compliance with the statute. Code 1923, § 6670. The action of the trial court upon application for rehearing is not revisable on appeal or by mandamus. Hale v. Kinnaird, 200 Ala. 598, 76 So. 954; Cox v. Brown, 198 Ala. 638, 73 So. 964; Zaner v. Thrower, 203 Ala. 653, 84 So. 820; Chenault v. Milan, 205 Ala. 310, 87 So. 537; 4 C. J. 840.

GARDNER, J. This is a mandamus proceeding seeking the vacation of an order entered by the respondent as judge of the circuit court of Clay county, sitting in equity, setting aside a final decree rendered on April 29, 1926, in the cause of W. M. Upchurch (petitioner here) v. Farmers' State Bank of Ashland. Such order vacating said decree was entered June 5, 1926, in response to the motion of the Farmers' State Bank filed in the cause on May 18, 1926. The final decree of April 29, 1926, was entered upon original bill and decree pro confesso against the respondent, Farmers' State Bank. The motion was submitted upon oral testimony before the judge as to excuse or explanation of defendant failing to file answer. The answer to the bill, which is set out in the answer of respondent here, discloses a meritorious defense to the suit.

The trial court concluded upon a consideration of the evidence offered on the motion, and in view of the answer of respondent, Farmers' State Bank, that in order that justice be subserved the cause should be reopened so that said respondent should have an opportunity to defend, and entered the order of June 5th granting a rehearing and reinstating the cause on the docket for trial.

[1] The case was one in equity, and, while respondent's motion is referred to as a motion for a new trial, it is more properly designated as an application for rehearing under chancery court rule 81. Volume 4, Code 1923, p. 932: Johnson v. Johnson, ante, p. 434, 111 So. 7.

It is suggested by counsel for petitioner that the motion is not to be considered as an application for rehearing in equity under the above-cited rule, for the reason that such rule is only applicable where there has been an actual trial of the cause, and is confined to the record only. We think this insistence fully answered by the case of Ex parte Gresham, 82 Ala. 359, 2 So. 486, where mandamus was sought to vacate an order granting a rehearing of a consent decree. In principle there can be no distinction, so far as the application of chancery rule 81 is concerned, between granting such rehearing of a decree rendered by consent of the parties and one rendered on decree pro confesso. In speaking of the further argument that proof was not properly to be considered on such application, but only the record, the court in the Gresham Case said:

"The provision of the latter rule [now rule 81] that 'the petition must be confined to the case made by the record,' does not exclude the presentation and consideration of extrinsic facts, if relevant and pertinent to the case made by the record; for such construction would make nugatory the express provision, that 'the facts, if they do not appear from the records of the court, must be verified by the affidavit of the party, or some other person.'"

[2] We think therefore that the motion is properly to be considered as an application for rehearing in an equity suit, governed by the foregoing rule. The application was made within 30 days after the rendition of the final decree (section 6670, Code of 1923), but it is insisted the same was not acted upon until after the expiration of such time, and no order of continuance entered, citing Hale v. Kinnaird, 200 Ala. 596, 76 So. 954. While no formal order of continuance was entered, yet upon presentation of the application the court indorsed thereon:

"The above motion presented to me this 18th day of May, 1926, is set for hearing at Ashland, Ala., on the 5th day of June, 1926. Decree ordering sale of property involved is suspended pending hearing on this motion. Notice of this motion and date set for hearing to be given opposing counsel. [Signed] E. S. Lyman, Judge."

We think it clear that such an order constitutes a substantial compliance with the rule stated in the above-cited authority, and sufficed for all practical purposes.

[3] A determination that the motion is, in substance and effect, an application for a rehearing in an equity cause, regularly made, submitted and acted upon, is decisive of the cause here adversely to petitioner. In the Gresham Case, supra, the court said:

"Rehearings, in equity, rest in the sound discretion of the chancellor; and when the discretion is exercised, his decision is not revisable, either on appeal or by mandamus."

This holding has been followed by an unbroken line of authorities. Chenault v. Milan, 205 Ala. 310, 87 So. 537; Hale v. Kinnaird, 200 Ala. 596, 76 So. 954; Cox v. Brown, 198 Ala. 638, 73 So. 964; Johnson v. Johnson, supra.

We have carefully examined the authorities cited by counsel for petitioner, but they deal with motions for a new trial in the law court, and are without application to the instant case.

It is not intended that anything herein said is to be construed as an indication of a view that if revisable there has been any abuse of discretion (Talladega Merc. Co. v. McDonald, 97 Ala. 508, 12 So. 34), as the conclusion reached pretermits a consideration of that question.

It results that the petition for mandamus will be denied. .

Writ denied.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.