(117 So. 462)

**FORD v. FORD. (6 Div. 75.)**

Supreme Court of Alabama. June 14, 1928.

Ernest B. Fite, of Hamilton, and Still Hunter, of Jasper, for appellant.

J. J. Curtis and J. M. Pennington, both of Jasper, and Fred B. Jones, of Hamilton, for appellee.

BOULDIN, J.  George Ford filed his bill against his wife, Annie Ford, for divorce. Decree pro confesso upon personal service; evidence taken supporting the grounds of divorce charged in the bill; submission and decree of divorce followed in due course.

Three days after the decree of divorce was entered, George Ford was killed in a mine accident. Thereafter, within 30 days from the rendition of the decree of divorce, Annie Ford filed her motion to vacate the decree upon the ground that personal service of the summons was not had upon the date shown by the return, but at a later date, and that the decree pro confesso and final decree thereon were prematurely entered.

The motion was heard upon affidavits and testimony of witnesses taken ore tenus before the trial judge. The motion or application was denied, and movant appeals.

Brief of counsel appearing amicus curiæ directs our attention to the question of jurisdiction of this court on appeal. Is the order appealable?

A court of record has inherent power to vacate a decree or other record when void upon its face—this to preserve the dignity of its own records, prevent injustice, and abuse of process. This may be done by original motion at any time. No notice of same is required. An appeal lies from the ruling upon such motion on behalf of an aggrieved party. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.

But here the decree of divorce is not void on the face of the record. The decree pro confesso was duly entered upon an official return of due service. The application here is to falsify the return and proceedings dependent thereon.

Appellant seems to rely upon the power of the court over its decrees during term time, now fixed at 30 days after the date of rendition.  Code, § 6670.

Rehearings in equity under the power thus invoked have long been regulated by Chancery Rule 81.  Orders denying rehearings under this rule are not appealable. Preddy v. Herren Sales Co., 215 Ala. 216, 110 So. 131; Johnson v. Johnson, 215 Ala. 434, 111 So. 7; Ex parte Upchurch, 215 Ala. 610, 112 So. 202.

Appeals from rulings on motions for new trial are limited to cases at law. Code, § 6088.

As a bill of review under Chancery Rule 83, or a motion to set aside the decree under Code, § 7857, the proceeding was wanting in necessary parties.

The death of complainant revoked all authority of his attorney to receive notice or proceed with the cause without a personal representative.  McDonald v. Womack, 214 Ala. 309, 107 So. 812.

The hearing was entirely ex parte with the admitted purpose of placing movant in position to claim damages or compensation as the surviving wife of a deceased employee.

In view of the rule of sound policy in favor of the verity of public records, and the circumstances disclosed on cross-examination and on inquiries by the trial judge, we would not be disposed to overturn his finding on the merits if the case was properly here, unless very clearly convinced of error in his finding. But we reach the conclusion that the ruling upon the motion will not support an appeal, and the same must be dismissed without decision upon the merits.

Appeal dismissed.

ANDERSON, C. J., and SAYRE AND GARDNER, JJ., concur.