(117 So. 463)

**EMERSON v. STATE ex rel. GRIFFIN, Deputy, Solicitor. (8 Div. 21.)**

Supreme Court of Alabama. June 14, 1928.

R. E. Smith, of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for appellee.

Brief did not reach the Reporter.

BOULDIN, J. The automobile was seized while in use by the husband in the transportation of prohibited liquors. In condemnation proceedings, a claim was interposed in the name of the wife.

Without dispute, the automobile was purchased in the first instance by the husband in the state of Arkansas more than eighteen months before the seizure in Huntsville, Ala.

The evidence of the husband and other witnesses in support of the wife's claim of ownership tends to show that at the time of purchase the husband presented it to the wife as a Christmas present, or at least so stated to her and to friends.

At first it carried a dealer's tag. From the husband's testimony is later carried a private tag in his name. When seized, it carried a dealer's tag in connection, it appears, with the business of Bell-Emerson Motor Company, recently organized by the husband and others in Huntsville.

So far as appears, it was never registered nor tag issued in the name of the wife. The husband had the control and use of the car. The wife usually drove a Ford, and it appears this was given to her by the husband, who sold it at pleasure, then gave her another and later sold it. The claim itself is

prosecuted by the husband in the wife's name. She was not examined as a witness.

We reach the conclusion that the claim is simulated, that as for the right of condemnation the husband must be held the owner of the automobile.

We approve the following statement of the law in the opinion of the trial judge:

"The court is of opinion that transactions of this sort between husband and wife should be closely scanned under the same principles and for the same reasons which apply when it is sought to set aside conveyances between husband and wife on the ground of fraud."

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.