181 So. 252

### MONEY v. GALLOWAY et al.

#### 4 Div. 27.

Supreme Court of Alabama.
May 12, 1938.

F. W. Fish, of Abbeville, and G. D. Halstead, of Headland, for appellant.

John W. Rish, of Dothan, for appellees.

BOULDIN, Justice.

A motion to amend a bill in equity by bringing in a new and necessary party respondent, presented after a final decree entered upon a submission for final decree upon pleadings and agreed statement of facts, necessarily calls for setting aside the decree, and reopening of the case as a pending cause.

Such a motion, if deemed sufficient, must be treated as an application for rehearing in equity.

While section 6670 of the Code, fixing thirty days as the period within which the judgment or decree is under the control of the court, applies to a decree in equity, a motion for rehearing of a decree in equity is still governed by Chancery Rule 81, as respects an appeal from a ruling thereon. A decree overruling such motion is not appealable. Ex Parte Upchurch, 215 Ala. 610, 112 So. 202; Ex Parte Lineville National Bank, 217 Ala. 381, 116 So. 419; Simpson v. American Legion, 230 Ala. 487, 161 So. 705.

The instant appeal is prosecuted from the decree of January 25, 1938, denying the motion of June 24, 1937, to amend the bill by adding a party respondent after final decree of June 22d, dismissing the bill. The appeal does not bring up such final decree for review. Whether the time for such appeal had expired is not involved.

The decree appealed from not supporting an appeal, the same must be dismissed for want of jurisdiction.

Touching the procedure when there is an absence of necessary parties brought forward by plea or answer of respondents, we call attention to sections 6562, 6563 of the Code.

Appeal dismissed on motion.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.