191 So. 257
## ROBERTSON v. COUNCIL et al.
### 8 Div. 933.

Supreme Court of Alabama.
June 29, 1939.

Rehearing Denied Oct. 12, 1939.

Bradshaw & Barnett, of Florence, for appellees.

Jones & Poellnitz, of Florence, for appellant.

BOULDIN, Justice.

The original bill was filed in the Law and Equity Court of Lauderdale County,

by appellant, a non-resident receiver, appointed by the Chancery Court of Giles County, Tennessee, against appellees, to foreclose a mortgage on real estate situated in Alabama.

Complainant was receiver of Citizens Bank of Pulaski, Tennessee, being liquidated under the laws of Tennessee. The mortgage was alleged to be assets of the Citizens Bank, by assignment from another Bank, the details of which are not important here.

The bill was filed in 1934. In course of the litigation a decree of foreclosure was entered, which was vacated on rehearing. On second submission the mortgage was held a valid and subsisting lien, but foreclosure in equity was denied on the ground that the legal title to the lands was not before the court.

The court, thereupon, further decreed a right of foreclosure under power of sale.

In due time the application was filed for rehearing of this decree, of date March 24, 1938.

Among the grounds of the petition was this: "Your respondents further allege that at the time of the rendition of the said decree in this cause, the complainant D. D. Robertson, as Receiver of the Citizens Bank of Pulaski, Tennessee, had made a full, complete, and final settlement of his affairs as said receiver, and that the complainant D. D. Robertson, as such receiver, and that the complainant Citizens Bank of Pulaski, Tennessee, have not had any title, legal or equitable, in the mortgage and note, the debt evidenced by the note and secured by the mortgage, since the twenty-third day of February, 1937. The respondents offer in support of this petition the affidavit and certified decree hereto attached."

The decree of the Tennessee Court having jurisdiction of the receivership, a certified copy of which was so attached, decreed, among other things, the following:

"It further appears to the Court from said final report of the Receiver and from his previous reports, and from the entire record in this cause, that said Receiver has honestly and faithfully discharged all of his duties pertaining to the liquidation of said Citizens Bank; that he has paid all of said Bank's obligations and has distributed all of said Bank's assets in the manner and form as required by law and that the affairs of said Bank have been fully administered and wound up and nothing further remains for the Receiver to do in this cause.

"Upon motion, it is therefore ordered, adjudged and decreed by the Court that D. D. Robertson, Superintendent of Banks of the State of Tennessee, and Receiver of the Citizens Bank of Pulaski, Tennessee be and he hereby is, together with the sureties on his Receiver's bond relieved, released and fully and completely discharged from any and all further liability of every kind and character on account of said Receivership aforesaid. It is therefore ordered, adjudged and decreed by the Court that said Receiver's bond be, and the same is hereby cancelled," and further:

"And that nothing further remains to be done, it is therefore ordered, adjudged and decreed by the Court that this cause be and the same is hereby retired from the docket."

The petition prayed the court: "To grant them a re-hearing, set aside, and hold for naught the decree rendered and enrolled in this cause on the twenty-fourth day of March, 1938; that a decree be entered and enrolled in this cause denying the complainants the relief prayed and dismissing the suit."

On the filing of this petition, April 22, 1938, the following order was entered: "On this day a petition for rehearing was filed by respondents under Chancery Court rule number 81. The court is of the opinion that the cause ought to be reheard. In particular on the point set out in the petition for rehearing. It is therefore ordered, adjudged and decreed that a rehearing be and the same is hereby granted and said rehearing is set for argument and hearing for the 7 day of May, 1938, at ten o'clock A. M., and the Register will notify counsel accordingly."

On May 8, 1938, the following: "The re-hearing was had on this date and counsel appeared for each party and argument was had on the points embraced in the petition for rehearing, and the cause is taken under advisement by the court."

The final decree of June 21, 1938, begins: "An order was heretofore made granting a rehearing on the decree entered on March 24, 1938, the parties appeared by counsel for said rehearing on May 7th, 1938, and the court took the cause under advisement and on June 4th, 1938, by fur-

ther order held the cause under advisement and now finds and decrees as follows, to-wit:" and concludes:

"The complainants, on rehearing, introduced in evidence, by agreement of counsel, a transfer of the alleged mortgage by Poellnitz as attorney-in-fact for the Receiver, dated April 1st, 1938, to George B. Jones and Charles A. Poellnitz, Jr., and the respondents introduced in evidence by agreement of counsel, certified copy of a decree of the Chancery Court of Pulaski County, Tennessee, showing final settlement and discharge of the Receiver (One of the complainants here) and further showing that all of the assets of the Citizens Bank had been fully administered and wound up as of February 27, 1937, and pending this instant suit. It was only at this stage of the case that it was made known to the court that there had been a change in ownership in the subject matter of this suit.

"The Attorney-in-fact could not transfer the mortgage as attorney-in-fact for the Receiver if the Receiver had ceased to exist as a legal entity. If this transfer by the attorney-in-fact be void, it further appears that the Receiver himself and the Citizens Bank, as well as the attorney-in-fact, all ceased to exist as of February 27, 1937 and pending this suit.

"From this it clearly appears that the original complainants do not own the subject matter of the suit and therefore no recovery can be granted them.

"Since all the assets of the Citizens Bank have been fully administered and wound up and the Receiver discharged the court has no party or parties before it who have any interest, legal or equitable, in the subject matter.

"It affirmatively appears there can be no further assignment of the subject matter because there is no one to assign it.

"It is ordered, adjudged and decreed that the former decree of March 24, 1938, be and the same is hereby set aside, cancelled and annulled, and that the complainants are denied the relief prayed for, and that the cause is dismissed at complainants' cost."

From this decree an appeal is prosecuted in the name of D. D. Robertson as receiver.

Granting a rehearing in equity, vacating a decree and reopening a cause, is admittedly not appealable.

The final decree dismissing the cause is the question sought to be reviewed. The point is raised that no note of testimony, under Chancery Rule 75, was ever made on the hearing as per decretal orders above noted, and it is argued, that neither the trial court, nor this court, on appeal, can consider the decree of the Tennessee Court discharging the receiver upon full administration of his receivership, nor the purported assignment of the subject matter of the suit by an attorney-in-fact of the receiver after the receiver had been discharged.

It will be observed the application for rehearing not only sought a vacation of the former decree, but prayed a dismissal of the suit for want of a party complainant in being.

The record discloses that on the hearing the decree of the Tennessee Court as well as the alleged assignment were admitted in evidence by agreement. In other words an agreed case was made upon the hearing of the motion to dismiss.

We are of opinion Chancery Rule 75 should not be extended to a proceeding of this sort. It is designed to furnish a record memorandum of the evidence offered and to be considered on submission of causes for decree on the merits. When it is brought to the attention of the court that it is without jurisdiction to proceed for want of proper parties, it is the duty of the court to proceed no further, and unless proper parties are brought in, should dismiss the suit.

True, an assignment of the subject matter of a suit in equity does not, of necessity, abate nor call for dismissal of the suit. The assignee, in a proper case, may be entitled to proceed in the name of the original party, if in being. Miles v. Miles, 211 Ala. 26, 99 So. 187. But some party, responsible for the conduct of the cause, and answerable for costs, should be made known to the court. Here there was no longer a receiver entitled to prosecute a suit, and no lawful assignment had been made of the cause of action entitling the assignees, as such, to come in by bill in the nature of a supplemental bill, Holder v. Taylor, 233 Ala. 477, 172 So. 761, or by way of amendment, Patton v. Darden, 227 Ala. 129, 148 So. 806.

This is not a case of discharging a receiver and return of subject matter to the

436

owner, but a case of full adjudication of all equities by the Tennessee Court, the disposition of all assets found to belong to the insolvent Banking Corporation and closing the case. See, 53 C.J. 90, § 110.

The cause having been presented as above outlined, not disclosing any interest of Jones & Poellnitz other than through an assignment which was null and void, the trial court will not be held in error in dismissing the bill. It does not appear any other interest is represented, nor who is now the beneficial owner of this cause of action. The Citizens Bank, added as a party complainant in course of the litigation, does not appeal. Just what is the status of the corporate entity under the laws of Tennessee does not appear.

Since the appellant, receiver, was not existent, he could prosecute no lawful appeal to this court. The appeal will, therefore, be dismissed.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.