5 So.2d 620

### BROWN v. LEE et al.

### 6 Div. 913.

Supreme Court of Alabama.

Jan. 15, 1942.

160

W. L. Chenault, of Russellville, for appellant.

Fite and Fite, of Hamilton, and Arthur Fite, of Jasper, for appellees.

BROWN, Justice.

This appeal is from the final decree dismissing the appellant's bill seeking the foreclosure of a mortgage executed by appellees on January 30, 1920, to the complainant to secure an indebtedness arising from the loan of $1,300, made by the complainant's father as his agent, due and payable on January 15, 1921, less than a year from date. The mortgage was filed for record on the 1st of March, 1920, in the office of the Probate Judge of Marion County, and recorded therein in Volume 78, Record of Mortgages, at page 276. The bill was filed on August 12, 1940, after notice to cancel the same was given by the mortgagors.

The question presented in the court below and here is one of fact—whether or not the debt secured by the mortgage has been paid?

The evidence goes to show that the occasion bringing about the controversy between the parties was that the mortgagors had sold a part of the tract or parcel of land to the town of Hamilton and the corporation had sold the land to the Alabama Power Company. In making the abstract for the power company the abstractor found this mortgage, uncancelled, on the record. Upon inquiry of the mortgagor by the abstractor, he stated that the mortgage had long since been paid. Notice was then given to the mortgagee by the mortgagor to cancel the same on the record.

The bill was then filed to foreclose. The complainant's evidence goes to show that he had no knowledge of the existence of the mortgage or the debt, that the loan was made by his father in 1920, from funds which complainant inherited from his mother, and that the father died soon after the loan was made, and before the note and mortgage matured. That at the time of the maturity of the debt in January, 1921, complainant was ill, and the affairs of the estate of his father were handled and settled by complainant's brother-in-law Dr. Howell; that said note and mortgage were not found among the papers of complainant's deceased father, M. S. Brown, and had never come into the hands of the complainant.

The testimony by the defendants goes to show that the mortgage and note came into the possession of the defendants about the date of the maturity of the debt through payment to the complainant and that said note and mortgage were destroyed by burning them. The defendant, J. T. Lee, then eighty-three years of age, who had made some inconsistent statements in respect to whom the mortgage was paid, testified that he paid the same at about its maturity to the complainant mortgagee. The complainant denies that such payment was so made.

It appears without dispute in the evidence that defendants had possession of the mortgage and note about the date of its maturity and that the papers were destroyed by burning them; that said J. T. Lee consistently claimed payment had been made in full, and while there was some testimony going to contradict his testimony as to whom payment was made, his testimony is corroborated by the bank records produced by the cashier of the bank, who also testified as a witness, showing that Lee was en-

gaged in farming in 1921, had an account with the bank, and drew a check thereon on the 18 of January, 1921, for Eleven Hundred Dollars, and Lee testified that this money with other cash on hand was used in paying the mortgage debt. The bank records also showed that on the same date a deposit approximating the amount of the mortgage debt was made to the credit of the mortgagee. The possession of the note and mortgage by the mortgagor and its destruction by them raised a presumption, rebuttable of course by controverting evidence, that the debt had been paid. Orr et al. v. Stewart, 13 Ala.App. 542, 69 So. 649.

This presumption was strengthened by evidence that there had been no recognition of such indebtedness by either of the parties for more than nineteen years, and the absence of evidence showing or tending to show that the possession of the papers were obtained by the mortgagee other than by payment of the debt.

■ We are not impressed with the appellant's contention that the court abused its discretion in refusing to continue the case for the retaking of the testimony of Dr. Howell.

■ Denying the complainant's motion for rehearing is not appealable or reviewable on appeal. Money v. Galloway et al. 236 Ala. 55, 181 So. 252.

We concur in the conclusion expressed in the decree that complainant was not entitled to relief.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.