22 So.2d 331

WOOD v. CITY OF BIRMINGHAM.
6 Div. 302.

Supreme Court of Alabama.
May 17, 1945.

See, also, City of Birmingham v. Wood, 243 Ala. 480, 10 So.2d 666.

Hugh A. Locke, Wade H. Morton, and Andrew W. Griffin, all of Birmingham, for appellant.

Geo. P. Bondurant, of Birmingham, for appellee.

STAKELY, Justice.

Basil A. Wood (appellant in this proceeding) filed an original bill in equity against the City of Birmingham, a municipal corporation (appellee in this proceeding). The bill alleged in substance that complainant was one of a class of municipal stadium certificate owners and that these certificates were sold under a trust agreement set forth in the bill. The suit proceeded to a final decree in the trial court. Prior to rendition of the final decree Basil A. Wood filed æ motion to fix an attorney's fee for his services in connection with the trust. The question of the attorney's fee was reserved for further orders by provision of the decree. The present proceeding is on the motion to fix the attorney's fee.

The City of Birmingham took an appeal from the foregoing decree in the original action to this court. In this court the decree of the lower court was modified and affirmed. See City of Birmingham v. Wood, 243 Ala. 480, 10 So.2d 666. Reference to that decision is made for a full understanding of this case. It is sufficient to state here that a fund of $100,000 was raised by the sale of municipal stadium certificates, each in the amount of $100. The complainant, Basil A. Wood, is the owner of one of these certificates. None of the other certificate owners joined in the action. This fund was put into a trust fund, to which the City of Birmingham agreed to contribute an amount not in excess of $150,000 for the construction of the stadium. The certificates were not the general obligation of the City of Birmingham and were payable only out of the trust fund. It was further agreed that there should also be deposited in the trust fund the gross income derived from the use of the stadium. It was further agreed that out of the trust fund should be paid cer-

tain amounts in the order of their priority as follows:

(a) Proper and reasonable expense of maintaining, repairing and operating the stadium and its equipment.

(b) Repayment to the City of Birmingham, without interest, of such funds as it shall have advanced for the construction and equipment of the stadium.

(c) Payment and retirement of the certificates with interest at 5% from date as therein described.

It developed that the stadium cost $108,000 more than contemplated and instead of advancing $150,000, the city advanced $258,000. During 1929 a War Memorial entrance to the stadium was erected at a cost of $17,114.14, which was paid for out of the trust fund by the city. The city also made disbursements out of the trust for certain expenses. Reference to the decision of this court, supra, will show the city was required to return to the trust fund the amount of $17,114.14 expended for the War Memorial entrance. Also the city was denied priority as to its claim on the trust fund for the additional $108,000 spent on the stadium.

As stated, the present controversy was tried in the lower court on the petition to fix the attorney's fee. We quote in part from the decree of the lower court:

"The suit was not conducted for the purpose of producing a benefit for the City of Birmingham * * *, and no benefit whatever has accrued to the City of Birmingham by the final judgment of the Supreme Court in the cause. * * *

"It is therefore, considered, ordered, and adjudged, and decreed by the court that the plaintiff's petition insofar as it might be construed as seeking a decree requiring the City of Birmingham, as Trustee, or otherwise, to pay the plaintiff an attorney's fee (out of the fund derived from the operation of the stadium) prior to the reimbursement in full of the City of Birmingham for the $150,000.00 expended by it in the construction and erection of the stadium (and for the payment of which said claim for $150,000.00 the City of Birmingham has priority over the claims of the certificate holders) be and the same is hereby denied, disallowed and dismissed.

"Still assuming, but not deciding, that the suit was a class suit, the court has considered the matter of the propriety of now fixing an attorney's fee for the plaintiff, and directing that it be paid if and

when the City of Birmingham shall have been reimbursed for said $150,000.00. The difficulty which immediately besets the court in a consideration of that question is that it is impossible at the present time to ascertain to what extent, if any, the certificate holders will be benefitted in the future by the final judgment which was rendered in this cause by the Supreme Court * * *.

"It is, therefore, considered, ordered and adjudged and decreed by the Court that jurisdiction of the plaintiff's petition insofar as it may be construed as seeking a decree directing the payment of an attorney's fee to plaintiff out of funds that may become available in the future for the retirement of the stadium certificates * * * is retained; with leave to the plaintiff to apply to the court for the hearing of said aspect of said petition when the plaintiff considers himself in a position to reasonably satisfy the court that an actual and real benefit will accrue to the holders of the stadium certificates as a consequence of the final decree of the Supreme Court rendered in this cause."

The motion to fix an attorney's fee, after alleging the items of the work done by the attorney, concludes with a prayer, from which we quote in part: "* * * that this Honorable Court decree the said sum due and payable to the said Basil A. Wood, and designate the fund from which the said sum shall be paid; and order the payment thereof; and tax such sum as part of the administration expenses of the Stadium Trust, or from other appropriate funds of the Defendant; and Plaintiff prays for different and more general relief, and will ever pray."

We think it is clear that the decree taken in connection with the petition on which it is based shows two separable and distinct issues: first, whether the attorney, if entitled to any compensation at all, is entitled to be paid out of the stadium fund prior to the right of the City of Birmingham to reimbursement for the $150,000 advanced by it and, second, whether the attorney, if entitled to any amount, should be allowed payment from the fund for his services after the city has received reimbursement for the aforesaid $150,000. The right to payment under the first issue must necessarily be predicated on services of benefit to the common or entire interest, that is, both the City of Birmingham and to the stadium certificate owners. Dent

v. Foy, 214 Ala. 243, 107 So. 210; Strong v. Taylor, 82 Ala. 213, 2 So. 760. The right to payment under the second issue is predicated on services of benefit only to the owners of the stadium certificates. In other words, there are two separate and distinct claims. Accordingly, we consider that a final decree could properly be entered forthwith on the first claim instead of awaiting the result of the consideration of the second claim. This seems to be in accordance with Equity Rule 69, Code 1940, Tit. 7 Appendix, which reads in part as follows: "Decrees at various stages. When more than one claim for relief is presented in an action, the court at any stage, upon a determination of the issues material to a particular claim and all counter-claims arising out of the transaction or occurrence which is the subject-matter of the claim, may enter a decree disposing of such claim. The decree shall be final with respect to the claim so disposed of and the suit shall proceed as to the remaining claims. * * *"

Rule 69 is substantially the same as Federal Rule of Civil Procedure 54(b), 28 U.S.C.A. following section 723c. For construction of the Federal Rule see Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478. It is appropriate to add that the part of the decree of the court denying to the attorney priority of payment over the city's claim for $150,000 and dismissing the petition relating thereto, is a final decree. Such a decree will support an appeal. § 754, Title 7, Code of 1940; Strong v. Taylor, supra; Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184. It is equally true that the ruling of the court in holding in abeyance determination of the right of the attorney to a fee after the city has received the $150,000 is an order interlocutory in character. It is in keeping with good equity practice for a decree to be final in part and interlocutory in part. First Nat. Bank of Opp v. Cotton, 231 Ala. 288, 164 So. 371; Scholes et al. v. Kibbe, 222 Ala. 587, 133 So. 286; Adams v. Sayre, 76 Ala. 509.

While the City of Birmingham takes the position upon substantial grounds that Basil A. Wood is not entitled to a fee from the City of Birmingham, it argues, without waiver as to the merits, that this court is without jurisdiction to pass on the merits. Accordingly we proceed to discuss the question of jurisdiction.

The aforesaid decree on the petition for allowance of an attorney's fee was rendered on May 4, 1944. On May 31, 1944, petitioner filed a motion to modify the decree of May 4, 1944, by striking therefrom that part of the decree which we have classed as being interlocutory. The motion was continued from time to time and was overruled on October 11, 1944. According to the record, this appeal was taken on November 9, 1944, from the decree of October 11, 1944. The case is submitted here on the merits, petition for alternative writ of mandamus and the demurrer thereto.

Omitting consideration of the motion, it is clear that the time for appeal from the decree of May 4, 1944, had expired. § 788, Title 7, Code of 1940. What, then, is the scope of the appeal, taking into consideration the motion to modify? Our view is that the motion does not aid appellant since denial of the motion "is not appealable or reviewable on appeal." Equity Rule 62; Brown v. Lee, 242 Ala. 159, 5 So.2d 620, 621; Money v. Galloway, 236 Ala. 55, 181 So. 252. Furthermore, this appeal cannot bring up for review the final decree of May 4, 1944, even though under Equity Rule 62, "the time for appeal is suspended pending the ruling on such application." This is true because the appeal in this case was not taken from the decree of May 4, 1944, but from the decree of October 11, 1944. City of Mobile v. Murphree, 96 Ala. 141, 143, 11 So. 201. See also Money v. Galloway, supra. Since the decree appealed from will not support an appeal, the same must be dismissed for want of jurisdiction. Money v. Galloway, supra.

We come now to the petition for mandamus. It has been pointed out that the court was justified in rendering a final decree on the claim of the attorney, so far as it sought priority over the City of Birmingham for its expenditure of $150,000, and was further justified in entering its interlocutory order in the same general decree. There was no effort in the motion to vacate or set aside that part of the decree of May 4, 1944, which was final, but only to expunge that part which was interlocutory. Mandamus will not issue to compel a court to do anything that it has not been asked to do. Accordingly, we will not review by mandamus the action of the court in rendering its final decree. Ex parte Edwards, 123 Ala. 102, 26 So. 643.

20

So far as the interlocutory order of May 4, 1944, is concerned, the court lost no jurisdiction over this order for the sufficient reason that the order is interlocutory and as to the aspect of the case with which it deals the cause is "yet in fieri." Sawyer v. Edwards, 200 Ala. 26, 75 So. 338. There is no point, however, in dealing with the right to require the court by mandamus to expunge the interlocutory order since the final decree cannot be affected and to expunge the interlocutory order would deprive the attorney of what may be a substantial right under the order. The interlocutory order has done the attorney no injury. Ex parte Watters et al., 180 Ala. 523, 61 So. 904.

It results that the appeal is dismissed and the mandamus denied.

Appeal dismissed and writ denied.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.