35 So.2d 502

## SPURLING v. SPURLING.
### 6 Div. 674.

Supreme Court of Alabama.
May 20, 1948.

D. F. Pennington and Fred G. Moore, both of Birmingham, for appellant.

Dent Williams, of Birmingham, for appellee.

FOSTER, Justice.

This is an appeal from a decree rendered September 9, 1947, denying a motion "to grant trial or to amend prior decree" of the court rendered on July 29, 1947. That was a final decree dissolving the bonds of matrimony existing between the parties and granting a divorce to complainant against respondent, allowing her an attorneys' fee of $100, but making no allowance for alimony. Complainant within the thirty day period provided for in Equity Rule 62, Code 1940, Tit. 7 Appendix, made a motion to amend the former decree by allowing a reasonable sum as alimony out of the estate of respondent, or, in the alternative, to set aside the aforesaid decree and to grant a new trial. It was this motion which the court denied in its decree of September 9, 1947. The appeal bond recites that it is from that decree that the appeal is taken. The citation of appeal and certificate of appeal by the clerk make the same recital. It is therefore controlled by Equity Rule 62. An appeal from a decree on a motion for a new trial in equity does not lie unless the decree on that motion modifies the final decree and becomes a modified final decree. Scott v. Scott, 247 Ala. 266, 24 So. 2d 25.

And an appeal from a decree setting aside a final decree and ordering a new trial is not authorized and will be dismissed. Linn v. Linn, 242 Ala. 688, 8 So. 2d 187; and an appeal from a decree which overrules a motion to modify the final decree will be dismissed for want of jurisdiction. Wood v. City of Birmingham, 247 Ala. 15, 22 So.2d 331.

■ An appeal from such a decree does not authorize a review of the final decree. Wood v. City of Birmingham, supra, because the appeal bond, citation of appeal and certificate of appeal all recite that the appeal is from the decree on the motion, and the statute makes no provision for such a review on appeal under Rule 62, supra. Whether the time for appeal from the final decree had expired is not material. Money v. Galloway, 236 Ala. 55, 181 So. 252.

■ For the reason we have indicated, the appeal must be dismissed, although the motion to dismiss the appeal is not based on that ground.

Appeal dismissed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.