36 So.2d 902

**RUDOLPH v. RUDOLPH.**

**4 Div. 499.**

Supreme Court of Alabama.
June 10, 1948.

Rehearing Denied July 31, 1948.
Further Rehearing Denied Oct. 14, 1948.

E. O. Baldwin, of Andalusia, for appellant.

318

Geo. S. Whaley and Whaley & Whaley, all of Andalusia, for appellee.

STAKELY, Justice.

On March 12, 1946, Alex Rudolph filed a bill for divorce against his wife Ethel Bell Rudolph in the Circuit Court of Covington County, in equity, on the ground of voluntary abandonment. The bill alleges in substance that the respondent resides in the State of New York. According to the record service was had on the respondent by registered mail. On April 29, 1946, a decree pro confesso was rendered against the respondent and on April 30, 1946, a final decree was rendered granting the divorce.

On May 3, 1946, Ethel Bell Rudolph made a motion to set aside the decree of divorce. Orders were made from time to time for the purpose of continuing the hearing on the motion. On March 13, 1947, the court rendered a decree granting the motion and setting aside the final decree. The decree pro confesso was also set aside and the respondent given 20 days to answer. On April 11, 1947, Alex Rudolph made a motion to set aside the decree rendered on March 13, 1947, vacating the decree of April 30, 1946. This motion was continued from time to time by the court and was overruled by the court in a decree dated October 25, 1947.

On March 1, 1948, Alex Rudolph undertook to appeal to this court from the foregoing decree of October 25, 1947. This is shown by the citation of appeal and the certificate of the register. The appeal bond was filed March 1, 1948. The cause here is submitted on motion to strike the attempted appeal and on the merits.

The motion to strike the appeal sought to be taken from the decree of October 25, 1947, must be granted. The decree overruling a motion for rehearing in equity is not an appealable decree and the attempted appeal must be dismissed for want of jurisdiction. Spurling v. Spurling, 250 Ala. 612, 35 So.2d 502; Wood v.

City of Birmingham, 247 Ala. 15, 22 So.2d 331.

On April 19, 1948, Alex Rudolph filed a petition here for common law certiorari asking this court on the record to declare invalid the decree of March 13, 1947. Max J. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341; § 1080, Title 7, Code of 1940. The case here is also submitted on a motion to dismiss the petition on the ground that it was not filed within the time allowed for appeal and also on the merits of the petition. The petition should not be dismissed. There is nothing to show that it would be unjust or unreasonable to grant the relief sought merely because there has been some delay. Byars v. Town of Boaz, 229 Ala. 22, 155 So. 382. Certainly we should not allow the decree to stand if it is without due process and void as shown by the face of the record. Byars v. Town of Boaz, supra.

This brings us to a consideration of the validity of the decree of March 13, 1947. It is earnestly contended that the decree of March 13, 1947, is invalid because the motion was not kept alive by proper orders made within the required time. We have considered all of these orders with great care, but have concluded that the petitioner cannot now question the orders. The record shows that with both parties before the court, the court proceeded, without objection, to hear the motion on its merits and enter the order granting the motion. It is true that complainant had made a prior motion to strike the motion to vacate on the ground that the motion to vacate the divorce decree had not been kept alive, but there is nothing to show that this motion was called to the attention of the court and a ruling thereon made by the court.

From the foregoing it results that any prior ground of discontinuance of the motion to set aside the decree of divorce, was waived. Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14; Cain v. Jefferson Standard Life Ins. Co., 227 Ala. 458, 150 So. 689; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Chilton v. Gurganus et al., 218 Ala 145, 117 So. 655; Ex parte Fidelity & Deposit Co. of Maryland, 223 Ala. 98, 134 So. 861.

We conclude that the decree of March 13, 1947, granting the motion and setting aside the decree of divorce was valid and petition for a writ of common law certiorari must be denied.

Appeal dismissed.

Writ denied.

GARDNER C. J., and FOSTER and LAWSON, JJ., concur.

On Rehearing.

STAKELY, Justice.

On application for rehearing counsel earnestly insist that we have failed to take into consideration the provision of Equity Rule 62, Code 1940, Tit. 7 Appendix, which is as follows: "The time for appeal is suspended pending the ruling on such application." It is contended that security for costs of appeal were filed with the Register on March 1, 1948, and regardless of the citation issued by the register, and the certificate of the register, the appellant should be regarded as having taken an appeal from an appealable decree if the security for costs was filed within the required time. This argument cannot now be considered because it was not made or suggested until our judgment was rendered. Goodgame v. Dawson, 242 Ala. 499, 7 So.2d 77. The contention, however, is not well made even if it had been presented. It is sufficient to say that there is no appealable decree from which an appeal can be considered to have been taken. The motion of Alex Rudolph to set aside the decree rendered March 13, 1947, was continued from time to time until it was overruled on October 25, 1947. But the decree of March 13, 1947, is not appealable. It granted the motion and set aside the decree of April 30, 1946, but it did not modify the decree, which is the requirement of Equity Rule 62, in order to support an appeal. Scott v. Scott, 247 Ala. 266, 24 So.2d 25; Linn v. Linn, 242 Ala. 688, 8 So.2d 187.

Application overruled.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

320

On Further Rehearing.

PER CURIAM.
Rehearing overruled.

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.