### W. Raymond WHEELER

v.

### Frank BULLINGTON.

**8 Div. 839.**

Supreme Court of Alabama.

April 12, 1956.

Calvin M. Whitsell, Montgomery, for appellant.

Rankin Fite, Hamilton, and Fite & Wilson, Jasper, for appellee.

GOODWYN, Justice.

On August 3, 1955, appellee, as a resident citizen and taxpayer of Colbert County, filed in the circuit court of Colbert County, in equity, a bill for declaratory judgment seeking a decree holding Act No. 174, p. 440, approved July 29, 1955, to be void, invalid and unconstitutional. (This Act has for its purpose the abolishment of the office of county commissioner of public schools in Colbert County and, in place thereof, the establishment of the office of county super-intendent of education. The Act calls for a referendum election in Colbert County to determine whether its provisions shall become effective; such election to be held "on the second Tuesday after the expiration of thirty days from the date of this enactment". The Act was approved on July 29, 1955. Acts 1955, pp. 440–443.) The bill was filed against the judge of probate, sheriff (appellant here), clerk of the circuit court, and the judge of the law and equity court of Colbert County. Decrees pro confesso were taken against the respondents. Thereupon, on September 9, 1955, a final decree was rendered declaring Act No. 174 to be void, invalid and unconstitutional. In the decree it was stated that the Act was approved on the 29th day of *June,* 1955. On September 10, 1955, the decree was amended to show the correct month of approval as *July* instead of *June.* On September 12, 1955, the appellant filed a motion to set aside the final decree as last amended on the ground, among others, that the decree was void because the Attorney General of the State was not "served with a copy of the proceeding" and given an opportunity to be heard, as required by Code 1940, Tit. 7, § 166. On September 19, 1955, a decree was rendered overruling and denying said motion. Such decree in no way modified the original decree as amended. On September 23, 1955, appellant took an appeal "from the order or decree of the Circuit Court rendered on September 19, 1955, denying and overruling the motion of respondent W. Raymond Wheeler, to set aside and hold for naught that certain decree entered in the above styled cause by the Circuit Court on the 9th day of September, 1955."

Submission of the cause was had here on January 18, 1956, on appellee's motion to dismiss the appeal and on the merits.

With respect to the motion to dismiss the appeal, it is insisted by appellee that the decree appealed from will not support an appeal to this court. The argument is that the motion to set aside the final decree was nothing more than an application for rehearing and that an appeal will not lie from the decree overruling said application since it did not modify the decree sought to be

set aside, citing in support Equity Rule 62, Code 1940, Tit. 7, Appendix. If the motion to set aside the decree is an application for rehearing within the influence of Equity Rule 62, then there is merit in appellee's insistence. Wood, Wire & Metal Lathers International, Local No. 216 v. Brown & Root, Inc., 258 Ala. 430, 432, 63 So.2d 372; Whitman v. Whitman, 253 Ala. 643, 645, 46 So.2d 422; Valenzuela v. Sellers, 253 Ala. 142, 145, 43 So.2d 121; Rudolph v. Rudolph, 251 Ala. 317, 318, 36 So.2d 902; Brown v. Lee, 242 Ala. 159, 161, 5 So.2d 620; Robertson v. Council, 238 Ala. 432, 435, 191 So. 257; Money v. Galloway, 236 Ala. 55, 56, 181 So. 252; Commercial Credit Co. v. State, 224 Ala. 123, 125, 139 So. 271; Ford v. Ford, 218 Ala. 15, 16, 117 So. 462; Ex parte Upchurch, 215 Ala. 610, 611, 112 So. 202. But our view is that the motion, and the action taken thereon by the trial court, are not controlled by Equity Rule 62 for the reasons which we now discuss.

It is stated in Capps v. Norden, 261 Ala. 676, 680, 75 So.2d 915, 918, as follows:

"When a judgment or decree is void on its face the court rendering it has the inherent power and should on motion vacate it. Griffin v. Proctor, 244 Ala. 537(6), 14 So.2d 116; Constantine v. Constantine, supra [261 Ala. 40, 72 So.2d 831]. We do not seem to have a statute which expressly refers to a motion to set aside judgments void on their face. The right to vacate it is not dependent on statute. And when the court refuses to vacate it on motion claiming that it is void on its face, the remedy for review is settled as pointed out in the case of Griffin v. Proctor, supra, to be by appeal because that is a final decree, see, Constantine v. Constantine, supra; but if it grants the motion and restores the cause to the trial docket for such other proceedings as are available, mandamus is the proper procedure to review it."

Additional authorities supporting the right of appeal from a decree overruling a motion to vacate a decree void on the face of the record are Robinson Co. v. Beck, 261 Ala. 531, 533, 74 So.2d 915; Ford v. Ford, 218 Ala. 15, 16, 117 So. 462, supra; and Sweeney v. Tritsch, 151 Ala. 242, 245, 44 So. 184.

In Ford v. Ford, supra [218 Ala. 15, 117 So. 463], an appeal was taken by respondent from an order or decree overruling her motion to set aside a final decree in favor of complainant in a suit for divorce. While the court held that the ruling on the motion would not support an appeal, it seems clear that such holding was based on the conclusion that the decree of divorce was not void on the face of the record. As there stated:

"A court of record has inherent power to vacate a decree or other record when void upon its face—this to preserve the dignity of its own records, prevent injustice, and abuse of process. This may be done by original motion at any time. No notice of same is required. An appeal lies from the ruling upon such motion on behalf of an aggrieved party. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.

"But here the decree of divorce is not void on the face of the record. * * *"

The decisive question, then, is whether the decree sought to be vacated is void on the face of the record. If so, the case is properly here on appeal from the decree denying the motion to vacate.

As already indicated, this is a proceeding under the Declaratory Judgments Act, Code 1940, Tit. 7, §§ 156–168, as amended, which involves the validity of a statute, Act No. 174, supra, it being alleged in the bill that said statute is unconstitutional. Applicable in this situation is § 166, Tit. 7, supra, which provides as follows:

"Parties when declaratory relief is sought.—All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such munici-

pality shall be made a party, and shall be entitled to be heard, and *if the statute,* ordinance, or franchise *is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."* [Emphasis supplied.]

This section is identical with Sect. 11 of the Uniform Declaratory Judgments Act, 9 U.L.A.

It does not appear from the record that the Attorney General was served with a copy of the proceeding; nor does it appear from the record that he had notice of the proceeding or participated in it in any way. Accordingly, it is our view that jurisdiction of the trial court was not invoked and that the decree declaring Act No. 174 to be unconstitutional is void. It follows that the case is properly here on appeal from the decree of September 19, 1955, and that appellee's motion to dismiss the appeal must be denied.

■ We have not been referred to any Alabama case dealing with the requirements of Sect. 166, supra, that "if the statute * * * is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard"; nor have we found any. However, the effect of this provision has been dealt with in a number of other jurisdictions, and it appears to be universally held that compliance with this provision is mandatory and goes to the jurisdiction of the court. But as to what constitutes compliance and the extent to which the attorney general may or should participate, the cases are divided.

In the case now before us we need only decide at this time whether the requirement of service on the attorney general is manda-tory and jurisdictional, and we limit our decision to that question. Among the cases holding that service on the attorney general is mandatory and jurisdictional are the following: Cummings v. Shipp, 156 Tenn. 595, 3 S.W.2d 1062, 1063; Cummings v. Beeler, 189 Tenn. 151, 223 S.W.2d 913, 916–917; Day v. Ostergard, 146 Pa.Super. 27, 21 A.2d 586, 588; Ethington v. Wright, 66 Ariz. 382, 189 P.2d 209, 213; Watson v. Claughton, 160 Fla. 217, 34 So.2d 243, 246–247; Pressman v. State Tax Commission, 204 Md. 78, 102 A.2d 821, 826; City Manager of Medford v. Civil Service Commission, 329 Mass. 323, 108 N.E.2d 526, 530; Lowell v. City of Boston, 322 Mass. 709, 740–741, 79 N.E.2d 713, 731; Roehl v. Public Utility Dist. No. 1 of Chelan County, 43 Wash.2d 214, 261 P.2d 92, 108; Parr v. City of Seattle, 197 Wash. 53, 84 P.2d 375, 377; Lee v. Clark, 224 S.C. 138, 77 S.E.2d 485, 487–488; Wichita County v. Robinson, Tex., 276 S.W.2d 509, 511–512; Land Clearance for Redevelopment Authority of City of St. Louis v. City of St. Louis, Mo., 270 S.W.2d 58, 63; Johnston v. Board of Adjustment and Town Council of Westfield, 190 A. 782, 783, 15 N.J.Misc. 283; Jefferson County Fiscal Court v. Trager, 300 Ky. 606, 189 S.W.2d 955; Liberty Mutual Ins. Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, 125 A.L.R. 1149, 1161. See, also, Borchard, Declaratory Judgments, 2d Ed., p. 275.

From what we have said it follows that the action of the trial court in denying the motion to set aside the decree is due to be reversed. Judgment will be rendered here granting said motion and remanding the cause to the trial court for such further proceedings as the parties may be advised.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON and MERRILL, JJ., concur.