114 So.2d 157

Ernest E. CARROLL

v.

Arthur D. KELLY, Director of Industrial Relations.

6 Div. 250.

Supreme Court of Alabama.

Aug. 13, 1959.

Corretti & Newsom, Birmingham, and Hawkins & Rhea, Gadsden, for appellant.

J. Eugene Foster and Richard S. Brooks, Montgomery, for appellee.

Markstein & Cooper, Birmingham, for Deaton Truck Lines.

STAKELY, Justice.

Eugene M. Wells, as Director of Industrial Relations for the State of Alabama, filed the original bill of complaint for a declaratory judgment in the Equity Division of the Circuit Court of Jefferson County. Eugene M. Wells was succeeded in office by Arthur D. Kelly, who was in

turn succeeded in office by Ralph R. Williams, who is now Director of Industrial Relations for the State of Alabama. The purpose of the bill is to declare which of the two respondents, Ernest E. Carroll and Deaton Truck Lines, Inc., a corporation, was liable for unemployment taxes under the provisions of § 180 et seq., Title 26, 1955 Cumulative Pocket Part, Code of 1940, upon the wages of the drivers of ten vehicles owned by Ernest E. Carroll (appellant) and leased to Deaton Truck Lines, Inc., during the calendar year 1955 and the first calendar quarter of 1956. The bill also requests judgment in the amount of taxes accrued pursuant to the provisions of said statute on the wages or compensation paid to those ten drivers. The bill of complaint alleged that respondent, Deaton Truck Lines, Inc., was engaged in the trucking business and as a part of its operations leased approximately ten trucks from Ernest E. Carroll, for use and operation with its regular fleet of trucks; that Deaton Truck Lines, Inc., denied that the drivers of the Carroll-owned trucks were its "employees", as defined by § 184, Title 26, Code of 1940, and refused to pay unemployment compensation taxes based on the remuneration paid to the drivers of the Carroll-owned vehicles. The bill of complaint further alleges that Ernest E. Carroll denied that the drivers of his vehicles under lease with Deaton Truck Lines, Inc., were his "employees", as defined by § 184, supra. The bill further alleges that if the drivers of the Carroll-owned vehicles were employees of Ernest E. Carroll during the period in question, then Carroll was an "employer" as defined in § 185, Title 26, 1955 Cumulative Pocket Part, Code of 1940, and owes taxes based on the earnings of these employees, but, on the other hand, if the drivers of Carroll-owned vehicles were "employees" of Deaton Truck Lines, Inc. during the period in question, then Deaton Truck Lines, Inc. was an "employer" within the meaning of said § 185, supra, and owes the taxes based on the earnings of these employees.

The bill then alleges that there is an actual controversy and that complainant is unable to determine which of the two respondents is liable for the unemployment compensation taxes on the earnings of the drivers of the Carroll-owned vehicles, which said vehicles were leased to Deaton Truck Lines, Inc. The bill prays that the court enter a declaratory judgment, declaring which of the two respondents was the "employer" of the Carroll-owned vehicles during the period in question and further for a money judgment in favor of the complainant against the proper respondent. It was stipulated and agreed by and between all the parties that if the court found the drivers of the trucks were employees of the respondent, Deaton Truck Lines, Inc., the amount of the money judgment against Deaton Truck Lines, Inc., would be $227.91 and that if the drivers were held to be employees of the appellant Ernest E. Carroll, the amount of the money judgment would be $305.58.

Testimony was taken ore tenus before the court and a declaration was entered by the court in a final decree on October 17, 1957, holding that the drivers in question were employees of Ernest E. Carroll for the purpose of unemployment compensation under the Alabama Compensation Act and were not employees of the Deaton Truck Lines, Inc. for the purpose of said act and rendered judgment against Ernest E. Carroll for the amount of $305.58.

The respondent Ernest E. Carroll then filed an application for a rehearing which was overruled by the court in a decree entered by the court on November 26, 1957. The decree of October 17, 1957, was in no way modified by the decree of November 26, 1957.

The respondent Ernest E. Carroll did not appeal from the final decree of October 17, 1957, but appealed from the decree of the court dated November 26, 1957, overruling the application for a rehearing. This is not an appealable decree. Equity Rule 62, Code

**474**

of 1940, Tit. 7 Appendix; Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Wood, Wire & Metal Lathers Intern., Local 216 v. Brown & Root, 258 Ala. 430, 63 So.2d 372; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; Valenzuela v. Sellers, 253 Ala. 142, 43 So.2d 121; Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902; Brown v. Lee, 242 Ala. 159, 5 So.2d 620; Money v. Galloway, 236 Ala. 55, 181 So. 252.

Since this court has no jurisdiction, the appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.