JOINER, Judge,
concurring in part and concurring in the result.
I concur in Part I of the main opinion; I agree that these matters are properly before this Court by way of petitions for writs of mandamus. As to Part II of the opinion, I concur only in part. I concur to grant the petitions and issue the writs.
Initially, I question whether the circuit court had jurisdiction to decide the motions filed by Kenneth Eugene Billups, Stanley Brent Chatman, Terrell Corey McMullin, and Benjamin Todd Acton (hereinafter collectively referred to as “the respondents”) in which they argued that the death-penalty portion of Alabama’s capital-murder statute is facially unconstitutional. First, the materials before us do not indicate that the respondents served the attorney general with a copy of their motions, and when the attorney general attempted to intervene, the circuit court denied his request to appear to defend the constitutionality of Alabama’s capital-sentencing scheme.[16] See § 6-6-227, Ala. Code 1975 (“In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.”); see also Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190, 1191 (Ala.Civ.App.1985) (“The Alabama Supreme Court has held that compliance with the requirements of § 6-6-227 is mandatory and jurisdictional. Barger v. Barger, 410 So.2d 17 (Ala.1982); Sullivan v. Murphy, 279 Ala. 202, 183 So.2d 798 (1966); Smith v. Lancaster, 267 Ala. 366, 102 So.2d 1 (1958); Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27 (1956). Hence, when a party challenges the constitutionality of a state statute and fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claims, and its decree is void. Jones v. Sears, Roebuck & Co., 342 So.2d 16 (Ala.1977); Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50 (1957); Bond’s Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582 (1957); Wheeler, 264 Ala. at 267, 87 So.2d at 29.”).[17]
*972 Furthermore, I question the appropriateness—in-terms of ripeness and standing—of the respondents’ constitutional challenge 'to Alabama’s capital-sentencing scheme. At root, as noted above, the respondents’ challenge is a facial challenge, i.e., they argue that under no circumstance could Alabama’s capital-sentencing scheme be applied in a'constitutional manner. See State ex rel. King v. Morton, 955 So.2d 1012, 1017 (Ala.2006) (“The State’s challenge to the Act is essentially a ‘ “facial challenge,” which is defined as “[a] claim that a statute is unconstitutional on .its face—that is, that it always - operates unconstitutionally.” ’ Board of Water & Sewer Comm’rs of Mobile v. Hunter, 956 So.2d 403, 419 (Ala.2006) (quoting Black’s Law Dictionary 244 (8th ed.2004)).”). In Woods v. State, 13 So.3d 1, 38-39 (Ala.Crim.App.2007), we held that a defendant who had been sentenced to death in accordance with the jury’s recommendation did not have standing to challenge the “jury-verdict-override sentencing scheme of Alabama’s capital-murder statute” because there had been no override of the jury’s recommendation that he be sentenced' to death; indeed, the trial court had followed that recommendation. In the procedural posture of the underlying cases, of course, none of the respondents has been convicted of capital murder, much less sentenced to death.[18]
Assuming they are convicted, however, the particular facts of these respondents’ cases will not implicate all aspects of Alabama’s capital-sentencing scheme. As the Court notes, each of the respondents in this case is charged with “overlap” offenses—i.e., “each respondent was indicted for one or more capital offenses' that has as an element of the offense itself an aggravating circumstance in § 13A-5-49,” Ala. Code 1975. 223 So.3d at 970, I agree with the Court’s thorough and well reasoned analysis of the relevant caselaw—in particular, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Hurst v. Florida, 577 U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016)—insofar as the Court disposes of the respondents’ arguments as they pertain to the “overlap” offenses with' which they are charged. Specifically, I agree with the Court’s conclusion that
“[i]f the respondents are found guilty by a jury of the capital offense or offenses with which they are charged, the jury’s guilty verdict will necessarily include a unanimous' finding by the jury that an aggravating circumstance exists and that finding by the jury at the guilt-phase of the trial will make the respondents eligible for the death penalty. Therefore, in these four cases, Apprendi, *973 Ring, and Hurst will be satisfied by virtue of the jury’s guilt-phase verdicts.”
223 So.3d at 970.
In evaluating a claim that a statute is unconstitutional on its face, we should determine whether there is no reasonable circumstance in which the statute may be applied in a constitutional manner.- Here, as the Court aptly explains, the “overlap” nature of the offenses with which the respondents are charged means that the capital-sentencing scheme could be applied in a constitutional manner. Under normal circumstances, having concluded that the statute being challenged can be applied in a constitutional manner, our analysis would end.
The trial court’s order in the underlying cases, however, is sweeping and based on virtually no legal analysis. In that context and given ■ our obligation to exercise “a general superintendence and control” of inferior courts, see Ex parte Nice, 407 So.2d 874, 877 (Ala.1981), I understand the Court’s speculation regarding additional scenarios not necessarily implicated by the facts of the underlying cases, as well as the Court’s attempt to address all questions that may arise in these cases or in other capital cases before the trial- court. I think, however, that whether and to what extent other possible scenarios are constitutional under Hurst are questions we should decide when they are properly presented to us, and I therefore express no opinion as to them.
I feel compelled to sound a warning, however, as- to this Court’s holding that “nothing in Apprendi, Ring, or Hurst prohibits a trial court from finding the existence of additional aggravating circumstances beyond that circumstance or those circumstances the jury finds to exist.” Although that is a fair reading, Hurst is, in my opinion, deliberately vague on this point. Given the United States Supreme Gourt’s continuing expansion of the constitutional limitations on the use of capital punishment and the fact that any death sentence imposed today will have to withstand years and years of “the rigorous appellate review -process,” Hagood v. State, 777 So.2d 221, 223 (Ala.Crim.App.2000), trial courts imposing a sentence of death should be wary of relying on any aggravating circumstance that has not been found by a jury to exist. Although not required by Alabama’s capital-sentencing scheme or by an express holding of the United States Supreme Court (yet), the better practice for a sentencing court imposing the death penalty would be to rely on only those aggravating circumstances a jury has unanimously found to exist.

. The transcript of the proceedings in the circuit court indicates that a representative from the Attorney General’s Office was present at the hearing on the respondents’ motions. When the attorney general’s representative attempted to make an oral notice of appearance to defend the constitutionality of Alabama’s death-penalty statute, the respondents (with the exception of Billups) objected. The circuit court agreed with the respondents’ position and denied “the State’s request for the attorney general to enter any sort of arguments on the record.”

. This Court, in Townsend v. City of Mobile, 793 So.2d 828 (Ala.Crim.App.1998), rev'd on other grounds, 793 So.2d 835 (Ala.2000), held that " § 6-6-227 is a provision included in the civil practice section of the Code and is inapplicable in a criminal proceeding.” Townsend, however, has been criticized by members of this Court and by the Alabama Supreme Court. In a dissenting opinion *972 joined by Justice Wise, who was then a judge on this Court, Justice Shaw, when he was a member of this Court, criticized our decision in Townsend, explaining that Townsend "incorrectly states Alabama law.” Boyd v. State, 960 So.2d 717, 721 (Ala.Crim.App.2006) (Shaw, J. dissenting). Justice See, in an opinion joined by Justice Parker, concurred specially to' the Alabama Supreme .Court’s decision quashing the writ of certiorari in Boyd. Justice See echoed Justice Shaw’s sentiments, explaining that, "[b]y its terms, § 6-6-227, Ala.Code 1975, applies to 'any proceeding.’ The statute does not purport to limit its application to civil statutes, nor does it exclude challenges to' criminal statutes.” Boyd v. State, 960 So.2d 722, 724 (Ala.2006) (See, J„ concurring specially).

. Billups was convicted of capital murder and was sentenced.to death in 2006; that conviction and sentence, however, were reversed in 2010, and his case was remanded for a new trial, which he is currently awaiting.