No. 2904.—STATE ex rel. COONS *v.* THE JUDGE OF THE THIRTEENTH JUDICIAL DISTRICT.

The application of a party to remove a cause to the next Circuit Court of the United States. is analogous to a plea to the jurisdiction of the State court, and, when granted, the party against whom it is taken, has the right to appeal. The case would be different, if the application to remove is refused by the court *a qua*. In the latter case no irreparable injury would follow, and the appeal would not be allowed. Rosenfield *v.* Adams Express Company, 21 An. 233.

A mandamus will therefore issue, on application, from the Supreme Court directing the Judge of the District Court to grant an appeal from an order transferring a cause to the Circuit Court of the United States, if the case is in other respects appealable.

APPLICATION for Mandamus. *Thomas P. Farrar*, for relator. *Wade H. Hough*, Judge, respondent. *A. N. & H. N. Ogden*, of counsel for the Judge.

HOWE, J. The case of Martin Cobb & Co. *v.* Coons was commenced in February, 1867, in the District court of Madison parish. On the sixteenth day of May, 1870, Thomas J. Martin filed a petition, verified by his affidavit, stating that he is one of the plaintiffs, that he is sole owner of the claims in suit, that he *resides* in the State of Kentucky, and that he has reason to believe, and does believe, that from local influence and prejudice he will not be able to obtain justice in this (the district) court. He prayed that the cause might be removed, to the Circuit Court of the United States, under the provisions of the act of Congress of March 2, 1867. His co-plaintiffs did not join in this request, nor did he state that he or they are *citizens* of any other State than Louisiana. 18 Howard, 137.

The judge granted the order of removal, and on the day following the defendant, Coons, applied for a suspensive appeal, which was refused, and thereupon a mandamus was applied for.

We had occasion to say in the case of Rosenfield *v.* the Adams Express Company, 21 An. 233, that an application to remove is analogous to a plea to the jurisdiction, and that, if granted, an appeal would lie. The remark was, perhaps, not entirely necessary to the decision of that case, but we do not find any reason, on the most careful examination, to doubt its correctness.

In Beebe *v.* Armstrong, 11 Martin, 440, this court entertained such an appeal, and reversed the order of removal. In Duncan *v.* Hampton, 12 Martin, p. 92, a similar appeal was entertained, and the question of the right of appeal seems to have been discussed; for, alluding to a difference of opinion on the merits, Judge Matthews said: "As we are unanimously of opinion that the judgment (of removal) rendered by the District Court is a decision from which an appeal ought to be sustained, it is unnecessary to investigate *that part of the cause.*" Judge Martin was in favor, on the merits, of reversing the order of removal. In 4 N. S. there are three cases where similar appeals were entertained: Louisiana State Bank *v.* Morgan, p. 344; Fitz *v.* Hayden, p. 653; and

Fisk v. Fisk, p. 676. In the first of these the order of removal was. reversed. In Higgins v. McMicken, 6 N. S. 712, the court declared that it had several times entertained jurisdiction of such appeals, and added:

"Such decisions or judgments were properly considered, as final, in consequence of sustaining the petitions for removal. A request to change the jurisdiction of a suit from a State court to one of the United States, under the law of Congress, is analogous to a plea to the jurisdiction of the court in which the proceedings commenced; and, when. a removal is ordered, the plaintiff would be without remedy against. such order, unless by appeal."

In Stoker v. Leavenworth, 7 La. p. 390, a similar appeal was enter-- tained, and the "judgment" of removal affirmed; and the same action. was had in Franciscus v. Surget, 6 Rob. 33.

We cannot undertake to disturb this well settled jurisprudence.

It is therefore ordered that the mandamus issued herein be made peremptory.