# *Ex parte* The Southern Telegraph Company.

## *Mandamus.*

1. *Order removing cause from State to Federal court, a final judgment, from which appeal lies.*—An order made by the probate court, in a proceeding instituted by a telegraph company to condemn the right of way along the road-bed of a railroad company for the establishment of its line of telegraph, removing the cause from that court to the Federal court, under the provisions of the act of Congress, is a final judgment, from which an appeal or writ of error will lie.

2. *Same; when mandamus will not lie to set aside.*—The petition for the removal of the cause, filed by the railroad company, bringing the case within the provisions of the act of Congress, mandamus will not lie to vacate and set aside an order made by the probate court, removing the cause to the Federal court, because the order was made without hearing evidence offered by the telegraph company, showing that the right of way sought to be condemned was of less value than five hundred dollars, and that the contrary averment in the petition for removal was untrue.

Application to this court for a writ of mandamus, to compel the Probate Court of Montgomery county to vacate and set aside an order made by that court, removing a cause therein pending to the Circuit Court of the United States.

The case made by the record is sufficiently stated in the opinion.

GAYLORD B. CLARK and THOS. G. JONES, for appellant. (1) The court below had *jurisdiction* to determine whether the cause was removable, and was bound to exercise its judgment, and act *judicially* in determining the matter. The present application is not the proper remedy to correct the error, if error there be, in the rightful exercise of jurisdiction.—*Ex parte M. & O. R. R. Co.*, 63 Ala. 349 ; *Ex parte State of Alabama*, 71 Ala. 365. (2) The petitioner has adequate remedies to correct the alleged error. He may move the Federal court

to remand the cause.—Removal Acts of 1875, § 5; Dillon on Removal of Causes, p. 102, § 83; *Ex parte State of Alabama,* 71 Ala. 367; *Ex parte M. & O. R. R. Co.,* 63 Ala. 352. And again, the order of removal is a final judgment, so far as the probate court is concerned, from which an appeal lies to this court.—*Bryant v. Rich,* 106 Mass. 180; *Crane v. Reeder,* 28 Mich. 527; *Darst v. Bates,* 51 Ill. 439; *State v. Judge* 23 La. Ann. 29; Dillon on Removal of Causes, pp. 108–9, notes; *Ins. Co. v. Byrus,* 45 Ind. 133.

GUNTER & BLAKEY, *contra,* cited *Ex parte Jones,* 66 Ala. 202; *Ex parte M. & O. R. R. Co.,* 63 Ala. 349; *Ex parte Grimball,* 61 Ala. 598; 46 Iowa, 449; *Ib.* 406; 100 U. S. 457; 71 Ala. 365.

SOMERVILLE, J.—The application in this case is for the writ of *mandamus,* to compel the Probate Court of Montgomery county to vacate an order removing a pending suit from that tribunal to the Circuit Court of the United States, which was effected on petition of the defendant under the provisions of the Act of Congress of March 3rd, 1875.—Revised Stat. U. S. (Supplement), Vol. 1, 1874–1881, pp. 173–177. The suit, so removed, was an *ad quod damnum* proceeding, in which the petitioner was seeking to condemn the right of way for the establishment of its line of telegraph over the road-bed of the defendant, the Louisville and Nashville Railroad Company. It is not denied that the averments of the petition of removal brought the case within the provisions of the act of Congress. The objection taken to the action of the court is, that the order of removal was made without hearing any evidence as to the value of the right of way, which was the matter in dispute; the petitioner offering to show to the court that it was less than the sum of five hundred dollars, and that the contrary averment in defendant's petition was untrue. It was insisted that this was a jurisdictional fact, into which it was the duty of the probate court to inquire, previous to making the order.

The purpose of the present application, as we have said, is to have this order of removal revoked.

It is our opinion that *mandamus* will not lie for this purpose. The petitioner has an adequate remedy by appeal, or writ of error; and this fact is fatal to the relief sought through the aid of this extraordinary writ. The order of removal was a final judgment, and from every such judgment an appeal or writ of error will lie. A judgment may be deemed final, when it completely determines the particular suit, without adjudging the rights of the parties litigant.—Freeman on Judg. (3rd Ed.)

[Ex parte The Southern Telegraph Company.]

§§ 16–17; § 21 *b*. The action of the probate court, ordering the removal, was an end of the suit, so far as its jurisdiction was concerned, until its action is reversed, or else the cause is remanded by the Federal court. And this is true, although the order may have been erroneously made, inasmuch as the case for removal made by the defendant's petition is within the act.—Removal of Causes (Dillon), § 87. As stated by Judge Dillon, the State courts have generally held, so far as we can see, with but a single exception, that an appeal lies to the appellate court of the State, from an order for the removal of a cause to a Federal court, or from an order refusing such removal.—Removal of Causes, p. 108, *note* 1, and cases cited. Perhaps, the principle can be stated more accurately by saying, that an appeal will lie from an order of removal, as from a final judgment, and that the appellate State court will review an assignment of error based upon a refusal to remove, when the cause is properly before it by appeal on final judgment.

In *Crane v. Reeder*, 28 Mich. 527, the Supreme Court of Michigan held such an order of removal to be reviewable on error; and the same conclusion has been many times reached in the Supreme Court of Louisiana, and of other States. *Coons v. Judge*, etc., 23 La. Ann. Rep. 29, and cases cited.

A majority of this court, therefore, concur in the view, that the remedy of the petitioner, if any, is by appeal from the judgment of the probate court, which they deem to be final.

The Chief Justice, without expressing any opinion on this point, concurs in the view, that the application for *mandamus* should be refused on the authority of *Ex parte Mobile & Ohio R. R. Co.*, 63 Ala. 349, which, in his judgment, holds that the proper remedy is by application to the Federal circuit court, under the provisions of the act of Congress of March 3, 1875, which authorizes the remanding of the cause to the State court, when the matter in dispute is shown to be less than five hundred dollars, exclusive of costs. His view is, that the petitioner should apply to the circuit court, and move there to have the cause remanded to the State court, for want of jurisdiction in the former court.

The application for *mandamus* must be denied.