# The State v. Still, Judge.

*Mandamus to Require the Setting Aside of an Order of Dismissal of Condemnation Proceedings.*

(Decided June 29, 1912.   59 South. 628.)

1. *Eminent Domain; Condemnation by State; Statutory Provision.* —Where the state sought to condemn lands for the construction of a lake required in the construction of a power plant to be used in connection with the convict system, the proceedings were properly taken under sections 3860-3887, and 6569, Code 1907, and should not have been taken under sections 3888-3909, Code 1907.

[The State v. Still, Judge.]

2. *Same; Process; Quashing.*—Where the respondents appeared and answered generally in a condemnation proceeding, an order quashing service of process was without effect.

3. *Mandamus; Right to Relief.*—Where the judge dismissed the condemnation proceedings, mandamus will not lie to compel the judge to vacate an order quashing service of notice of such proceedings, since the relief would be useless, so long as the order of dismissal remained undisturbed.

4. *Same; Other Remedy; Appeal.*—Where all the other orders were merged into the final order of dismissal of the condemnation proceedings, an appeal would lie from such order under section 3878, Code 1907, and hence, no separate remedy by mandamus survived as to such interlocutory order.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Mandamus by the State of Alabama to require M. D. Still as Judge of Probate of Elmore county to vacate and annul certain orders made in a condemnation proceeding quashing notice of service, etc. From a decree denying the writ the state appeals. Affirmed.

R. C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State. The state has a right to proceed under article 1 of chapter 79, Code 1907, to the condemnation of the lands for public use. It also had a right to proceed under sec. 6569, just as any public utility corporation, and the circuit court was clearly in error in its ruling. Being in error, mandamus is the remedy to compel the probate judge to vacate and annul his erroneous orders.—*Ex parte Hill,* 165 Ala. 365.

FRANK W. LULL, and J. M. HOLLEY, for appellee. No brief came to the Reporter.

SOMERVILLE, J.—The State of Alabama filed its application to the judge of probate of Elmore county for the condemnation of certain lands therein belonging to certain named owners, "for the purpose of using

it in the construction of a lake necessary to the construction of a power plant at Speigners, Alabama, to be used for the penitentiary and cotton mill at Speigners, and in connection with the convict system of this state." The petition averred that the institution of the proceeding was ordered by the Governor of Alabama under section 6569 of the Code of Alabama, and that it was instituted under said section. It concludes with an appropriate prayer that notice be given to the designated owners, as required by law, and that upon the hearing of the petition an order should be made condemning the property, and that due compensation be adjudged to the owners.

Notice of the application was given to the several owners in accordance with the provisions of section 3862 of the Code; and on December 18, 1911, they appeared and filed a motion "to quash the writ issued to the sheriff, together with his return, because the same was not and is not any part of the proper proceedings by which the State of Alabama may or can condemn lands."

On the same day these parties filed a demurrer to the petition, and also what purports to be an answer thereto, and, besides these, another answer, which concludes with a motion to quash the writ of notice, and to dismiss the petition.

On the same day the probate judge made and entered the following order and decree: "Upon consideration of said application of petitioners in this cause, and of the answer of respondents, it is the opinion of the court that the motion of the respondents to quash the writ and dismiss the application of the petitioners should be granted. It is therefore ordered, adjudged, and decreed by the court that the writ heretofore issued to respondents requiring them to come into court and

make answer to the application of petitioners in this case, be, and the same is hereby, quashed. It is further ordered, adjudged, and decreed that the application of the State of Alabama, by the convict department, for said condemnation proceeding be, and the same is hereby dismissed."

The State of Alabama thereupon instituted the present proceeding, which is a petition to the judge of the Fifteenth judicial circuit, seeking by a writ of mandamus to compel the respondent, M. D. Still, who is the judge of probate of Elmore county, to vacate and set aside the alleged erroneous judgment quashing the said writ of service, and to overrule the same.

The petition does not show that any other judgment was rendered in the probate proceeding; but the answer of the probate judge shows the judgment dismissing the application following immediately after the preliminary order quashing the service.

The circuit judge overruled demurrers to the petition, but held that the petitioner was authorized, under section 3878 of the Code, to appeal from the order and decree dismissing the application, and was therefore not entitled to relief by the writ of mandamus, which was accordingly denied.

The theory of the respondents in the condemnation proceeding, as shown by their motions and other defensive pleadings, was that the state's application was in effect for the erection of a dam across a nonnavigable stream, and that the petition and procedure should have been in accordance with article 2 of chapter 79 of the Code (sections 3888-3909), which provides for such cases, and that the petition in the form presented conferred no jurisdiction on the probate court to proceed thereunder.

We entertain no doubt but that the application was properly filed under section 6569 of the Code; and by the express language of that section the proceeding was governed by article 1 of chapter 79 of the Code (sections 3860-3887). It was for the condemnation of lands, and not for the erection of a dam, and conferred jurisdiction on the probate court to proceed thereunder for that purpose. The probate judge erred in quashing the service; and, in dismissing the application, he evidently misconceived the law and the rights of the petitioner.

The petition for mandamus asks for no relief except the vacation of the order quashing the service. It is evident that, as the respondents named in the application appeared and answered generally, they were in court for all purposes; and the quashal of the formal service by which they were brought into court was of no effect whatever. It is evident, also, that, though the order to quashal should be vacated, and the motion thereto overruled, there would still be no cause pending and nothing upon which the petitioner could require the court to proceed, so long as the judgment of dismissal stands. The superficial relief prayed for would therefore be useless and abortive, and to grant it would be but an idle exercise of supervisory power.

We agree with the trial judge that the dismissal of the application by the probate judge, on whatever grounds, was a refusal to grant the application, which, under section 3878 of the Code, gave to the petitioner the right of appeal, to which remedy it must resort, and that, previous orders of the probate court being merged in the order of dismissal, no separate remedy survives as to them; and the writ of mandamus was properly denied.

The judgment will be affirmed.

Affirmed. All the Justices concur.