(116 So. 419)

## Ex parte LINEVILLE NAT. BANK.
### (7 Div. 757.)

Supreme Court of Alabama. April 5, 1928.

**1. Evidence ⬡➡386(1)—Judicial record cannot be altered, amended, or supplied by parol evidence after lapse of term.**

A judicial record cannot be altered, amended, or supplied by parol evidence, even on direct motion, after lapse of term during which thing was done, or under present system after lapse of 30 days.

**2. Evidence ⬡➡386(1)—Court's unrecorded action cannot be shown by parol evidence in collateral proceeding.**

In a collateral proceeding an unrecorded action of the court cannot be shown and made effective by parol evidence.

**3. Evidence ⬡➡413—Petitioner seeking restoration of suit cannot show by parol that it confessed defendant's demurrer to its bill.**

Petitioner seeking by mandamus to compel judge to restore suit on equity side cannot show by parol that it confessed defendant's demurrer to its bill, and appellate court must take record as it stands and disregard such allegation, especially where it does not appear that confession was formally made upon a call of the case, nor that court took any notice of confession whatever.

**4. Mandamus ⬡➡4(4)—Mandamus will not lie to set aside judgment of dismissal for want of prosecution, since there is an adequate remedy by appeal.**

Dismissal of bill for want of prosecution being a final judgment from which an appeal may be taken and as to which, if erroneous, appeal is an adequate remedy, mandamus to set aside judgment of dismissal will not lie.

**5. Appeal and error ⬡➡982(1)—Equity ⬡➡368—Mandamus ⬡➡4(4)—Motion to set aside judgment of dismissal is within chancellor's sound discretion, which is not reviewable either on appeal or by mandamus (Chancery Rule 81).**

A motion to set aside judgment of dismissal, being in effect an application for rehearing under Chancery Rule 81, is within sound discretion of chancellor, which discretion is not reviewable either on appeal or by mandamus.

Original petition of the Lineville National Bank for mandamus to Hon. E. S. Lyman, as Judge of the Circuit Court of Clay County. Writ denied.

Statement by. SOMERVILLE, J.:

The petition seeks by the writ of mandamus to compel the respondent, as judge of the Eighteenth circuit, to restore to the circuit court docket of Clay county, on the equity side, its suit against J. T. Carr and others, which was dismissed by the court on December 7, 1925.

The petition shows substantially as follows:

The petitioner bank filed its said suit in equity in May, 1923. In June, following, the defendants demurred to the bill, and the demurrers were submitted on July 27, 1925, but no decision was rendered. On November 23, 1925, the complainant's solicitor of record, in open court and in the presence of opposing counsel, confessed the demurrers (that the bill was without equity, and there was an adequate remedy at law), and asked the court to transfer the cause to the law side of the docket, and stated that that was his purpose in confessing the demurrer. Without fault on petitioner's part, it is alleged, no record was made of said confession of the demurrer; the cause was not transferred to the law side; and on November 27, 1925, an order was made by the court requiring the complainant to present his brief for the submission on the demurrer within 10 days on the alternative of dismissal of the bill.

Neither complainant nor its counsel had any actual knowledge of this order; and while counsel was absent on December 7, 1925, by permission obtained from the judge of the court, the cause was dismissed and stricken from the docket "on motion of respondent for want of prosecution under former order."

As soon as this action became known to the complainant, its counsel, on December 18, 1925, filed a motion to set aside the order of dismissal. This motion, made on the law side, was dismissed, with leave to renew motion in the equity case within ten days. Thereupon, on December 28, 1925, the complainant filed its motion on the equity side, setting up for grounds the facts above recited, and the further ground that, if the cause should stand dismissed, the complainant would be barred at law by the statute of limitations. This motion was taken under advisement, and was overruled on March 10, 1927.

Besides the setting aside of the order of dismissal, the petition prays for an order transferring the said cause in equity over to the law side of the court.

J. J. Cockrell, of Ashland, for appellant.

There is no adequate remedy for the party aggrieved, either by writ of error or appeal from the court's action in overruling a motion to transfer a cause from equity to the law side of the docket, and mandamus will lie. Ex parte L. & N. R. Co., 211 Ala. 531, 100 So. 843; Cloe v. State, 209 Ala. 544, 96 So. 704. It was the duty of the respondent judge to transfer the cause to the law docket. Code 1923, § 6486; Wilbourne v. Mann, 203 Ala. 26, 81 So. 816. It is the duty of the court to uphold an agreement or consent made in open court between the parties or their attorneys, relating to the proceedings in their cause. Prestwood v. Watson, 111 Ala. 604, 20 So.

---

⬡➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

600; Rivers v. State, 13 Ala. App. 371, 69 So. 387.

A. L. Crumpton, of Ashland, for appellee.

The ruling of the respondent judge on application for rehearing is not revisable. Ex parte Upchurch, 215 Ala. 610, 112 So. 202; Johnson v. Johnson, 215 Ala. 434, 111 So. 7; Ex parte Gresham, 82 Ala. 359, 2 So. 486; Chenault v. Milan, 205 Ala. 310, 87 So. 537; Cox v. Brown, 198 Ala. 638, 73 So. 964; Hale v. Kinnaird, 200 Ala. 596, 76 So. 954; Preddy v. Herren, 215 Ala. 216, 110 So. 131. If the ruling complained of was not on rehearing, petitioner's remedy is by appeal, and mandamus will lie.

SOMERVILLE, J. [1, 2] Even on direct motion, a judicial record cannot be altered, amended, or supplied by parol evidence, after the lapse of the term during which the thing was done; or, under our present system, after the lapse of 30 days. McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62; Browder v. Faulkner, 82 Ala. 257, 3 So. 30; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 So. 640; 34 Corpus Juris, 247, § 474. And, of course, in a collateral proceeding an unrecorded action of the court cannot be shown and made effective by parol evidence. Campbell v. Beyers, 189 Ala. 307, 313, 66 So. 651; Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 207, 214.

[3] Here, petitioner could not show by parol that it confessed the defendant's demurrer to its bill, even if it were alleged that the court received the confession and orally declared judgment thereon. We note, however, that it does not appear that the confession was formally made upon a call of the case, nor that the court took any notice of the confession whatever. We are compelled in either case to take the record as it stands, and to disregard this allegation of the petition.

[4] The action of the trial court in dismissing the bill of complaint for want of prosecution was a final judgment from which an appeal could have been taken, and as to which, if erroneous, appeal was an adequate remedy. Ellis v. Brannon, 161 Ala. 573, 579, 49 So. 1034. Hence mandamus to set aside the judgment does not lie. Ex parte Southern Telegram Co., 73 Ala. 564; State v. Still, 178 Ala. 442, 59 So. 628.

[5] With respect to the complainant's motion to set aside the judgment of dismissal—such a motion is, in substance and effect, an application for rehearing under Chancery Rule 81; and "rehearings in equity rest in the sound discretion of the chancellor; and when the discretion is exercised, his decision is not revisable, either on appeal or by mandamus." Ex parte Upchurch, 215 Ala. 610,

112 So. 202; Ex parte Gresham, 82 Ala. 359, 2 So. 486.

From either point of view, the writ of mandamus does not lie on the case shown by the petition, and the writ must therefore be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.