684

46 So.2d 836

**Ex parte MAY et al.**

4 Div. 613.

Supreme Court of Alabama.

June 15, 1950.

Wm. S. Pritchard and Victor H. Smith, of Birmingham, for applicants.

Richard T. Rives, of Montgomery, for respondent.

PER CURIAM.

This is an original proceeding in this court for a writ of prohibition or other appropriate writ directed to Honorable Bowen W. Simmons, Acting Judge of the Circuit Court of Coffee County, requiring him to desist from proceeding further in a matter pending in his court wherein a writ of prohibition or other appropriate writ is sought forbidding the members of a sub-committee of the State Democratic Executive Committee to hear and determine a contest of the election of Jack M. Bridges, Neil O. Davis, W. L. Horn, and G. C. Hughes to the State Democratic Executive Committee from the Third Congressional District of Alabama.

The petition filed here makes exhibits thereto the following: (1) the statement of contest filed before the State Democratic Executive Committee as to the election of Neil O. Davis, which the petition alleges is typical of the statements of contest filed against Bridges, Horn and Hughes; (2) the statement filed by the contestees with the sub-committee challenging its jurisdiction to hear and decide the contest; (3) the petition for writ of prohibition or other appropriate writ filed before the Acting Judge of the Circuit Court of Coffee County by the contestees; (4) the order of said Acting Judge of the Circuit Court of Coffee County commanding the members of the said sub-committee to desist from proceeding further with the hearing of the contest, or else show cause on July 20, 1950, why a writ of prohibition should not issue restraining and perpetually forbidding each of the members of said committee from proceeding further with the contest.

The circuit courts of this state have jurisdiction to issue writs of prohibition to prevent the executive committees of political parties and the sub-committees thereof from proceeding in election contests, where such committees or sub-committees do not have jurisdiction to hear and determine such contests. Such is the effect of Ex parte State ex rel. Bragg, 240 Ala. 80, 197 So. 32.

We hold that the averments of Paragraph 14 of the petition presented to

the circuit court were sufficient to invoke its jurisdiction to issue the rule nisi. The averments of Paragraph 14 are to the effect that the statements of contest were not filed by the contestants with the Chairman of the State Democratic Executive Committee of Alabama, and the required sum to cover the costs and expenses of said contest was not deposited with the said Chairman within fifteen days after the result of said primary election had been declared. If such averments are true, then the sub-committee was without jurisdiction to hear and determine the contest. In our opinion, all the other grounds of the petition presented to the Acting Judge of the Circuit Court of Coffee County were insufficient to invoke its jurisdiction in the premises.

The prayer for the rule nisi is denied and the petition dismissed.

Writ denied.

BROWN, FOSTER, LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., concur.