opinion, when prepared be filed with the Secretary of the Senate.

Adopted Aug. 1, 1950.

The Senate of Alabama,
State Capitol,
Montgomery, Alabama.
Gentlemen:

We are in receipt of Senate Resolution No. 5, which is as follows:

"Be It Resolved by the Senate of Alabama, that the Justices of the Supreme Court be asked to advise the Senate on the following Constitutional questions:

"Section 58 of the Constitution of Alabama 1901 reads as follows:

" 'Sec. 58. Neither house shall, without consent of the other, adjourn for more than three days, nor to any other place than that in which they may be sitting except as otherwise provided in this Constitution.'

"(1) Does the above Constitutional section apply to adjournment sine die?

"(2) May the Senate of Alabama adjourn sine die without the consent of the House of Representatives, thereby terminating a session of the Legislature?"

We answer your first question in the affirmative; that is, Section 58 of the Constitution of 1901 does have application to an adjournment sine die.

We answer your second question in the negative; that is, the Senate of Alabama may not constitutionally adjourn sine die without the concurrence of the House of Representatives. Cf. In re Opinion of Justices, 216 Ala. 545, 113 So. 621.

Respectfully submitted

JOEL B. BROWN,
Associate Justice

J. ED LIVINGSTON
Associate Justice

THOMAS S. LAWSON
Associate Justice

ROBERT T. SIMPSON
Associate Justice.

47 So.2d 640

**Ex parte MAY et al.**

**4 Div. 617.**

Supreme Court of Alabama.

Aug. 7, 1950.

182

Wm. S. Pritchard and Victor H. Smith, of Birmingham, for applicants.

Richard T. Rives, of Montgomery, for respondent.

Petition for Writ of Prohibition

BROWN, LIVINGSTON, LAWSON and SIMPSON, Justices.

For the first opinion, one by the court, and as governing decision in this election contest, see Ex parte May, 253 Ala. 684, 46 So.2d 836.

The court being in vacation until October, this petition was presented to the senior presiding justice and heard and considered by the above justices, after oral argument of the parties.

Since it was prima facie within the reasonable discretion of the respondent judge to grant the contestees time within which to procure and present their evidence in opposition to that of contestants as regards the truth, vel non, of paragraph 14 of the original petition for writ of prohibition presented to the respondent judge (as noticed in the first opinion, *supra*), and since, moreover, no good purpose would be served by the issuance of the rule nisi returnable when the court reconvenes in October, we have deemed it proper to exercise our discretion and refuse the rule.

However, in view of the seriousness of the charge made in the instant petition against the respondent on the basis of certain of his remarks, when the order was entered granting the continuance, we deem it proper to further extend these comments.

The opinion, *supra*, holding "that the averments of Paragraph 14 of the petition presented to the circuit court were sufficient to invoke its jurisdiction to issue the rule nisi" and that "all the other grounds of the petition presented * * * were insufficient to invoke its jurisdiction" was manifestly not dictum, but went to the heart of the case. This opinion was delivered to guide the respondent in the trial of the

cause and as aid to the parties in accumulating their evidence and for the trial. Such opinions have heretofore been promulgated in rare instances where the court considered the importance of the case demanded and in delivering the opinion, *supra,* the court was but following precedent.

But, regardless of the intendment of the remarks of the respondent, set forth in the instant petition, and the interpretation put upon them by the instant petitioners, we do not think that the respondent will ignore and disregard the plain-spoken word of the Supreme Court and that when the cause comes on for trial August 21st he will not only follow that opinion, but will also try the case with his usual dispatch and fairness. See Johnson v. Glasscock, 2 Ala. 519.

We also deem it not inappropriate to point out that the question was a close one as to whether the court should lay hand on the contest at all. But certainly the only proper matter available for contest in the court is that as averred in paragraph 14 of the said original petition.

So considered, none of the foregoing justices are willing to order issuance of the rule.

Rule nisi denied.

47 So.2d 713

### In re OPINION OF THE JUSTICES.

#### No. 116.

Supreme Court of Alabama.

Aug. 10, 1950.

Senate Resolution No. 8

By the Rules Committee

Be it resolved by the Senate of Alabama, That the Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give this body their written opinion concerning the following important constitutional questions:

1. Are proposed amendments 1 and 2 as set forth in the attached proposed bill, which is incorporated herein and made a part hereof, within the power of the Legislature to initiate under the provisions of Section 284 of the Constitution, as amended?

2. Do said proposed amendments infringe the constitutional restriction placed on the Legislature in Section 284 of the Constitution, as amended?

Be it resolved further, That the Justices are requested to return their opinions to the