49 So.2d 551

**Ex parte MAY et al.**

**4 Div. 628.**

Supreme Court of Alabama.

Dec. 14, 1950.

Wm. S. Pritchard, Victor H. Smith, and Pritchard & McCall, all of Birmingham, for petitioners.

Richard T. Rives, of Montgomery, for respondent.

PER CURIAM.

The majority of the Justices are of the opinion that the question presented in this case has become moot by reason of the decision in Bridges v. McCorvey, post, p. 677, 49 So.2d 546, and that the petition for writ of mandamus should be and is dismissed.

FOSTER, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.

BROWN, J., concurs specially.

BROWN, Justice (concurring specially).

This is an original application filed in this court by Ben May and others appointed as a subcommittee by the Chairman of the State Democratic Executive Committee to hear and decide an election contest in respect to members of the State Executive Committee elected from the Third Congressional District in the November Election, 1950, praying for the issuance of the writ of mandamus to the Hon. Bowen W. Simmons, Judge of the 22nd Judicial Circuit, sitting as Judge of the Circuit Court of Coffee County, Elba Division, commanding him as such Circuit Judge to strike from and vacate all the said provisions of said decree so rendered by said Circuit Judge of said court on towit the 6th day of September, 1950, which in any manner re-strained, impeded or interfered with or delayed the hearing of further proceedings with the said election contests "so pending before said sub-committee."

On the preliminary hearing of the petition the court on October 17, 1950, granted rule *nisi* as prayed therein and on October 23, 1950, the case was argued and submitted on the petition and answer of Bowen W. Simmons, as Circuit Judge, not controverted, in which he alleged among other things that the petitioner in the prohibition proceedings filed in the Circuit Court of Coffee County, Elba Division, had appealed from the decree denying the writ of prohibition which appeal involved among other things:

"a. Whether under the pertinent statutes and rules adopted pursuant thereto, the State Democratic Executive Committee, or a subcommittee thereof, has power to hear the contests of 'elections' as contradistinguished from 'nominations'.

"b. Whether this respondent properly found from the evidence that the required sums to cover the costs and expenses of said contests were deposited with the Chairman of the State Democratic Executive Committee within fifteen days after the result of said primary elections had been declared as required by the statutes of Alabama.

"c. Whether, under the pertinent statutes and rules, the Chairman of the State Democratic Executive Committee of Alabama had jurisdiction to appoint said subcommittee and to vest in said sub-committee jurisdiction to hear and decide said contests.

"d. Whether the averments of the petition in said cause in the Circuit Court of Coffee County, Alabama, Elba Division, styled J. M. Bridges et als. v. Gessner T. McCorvey, as Chairman of the State Democratic Executive Committee of Alabama et als., defendants, made a case which, if true, would show that the exercise of jurisdiction by said sub-committee to hear and decide said contests, would deprive the contestees of due process of law and equal protection of the laws, as guaranteed by the Constitution of Alabama and by the Constitution of the United States.

"This respondent would further show unto this Honorable Court that he entered said final decree on the 6th day of September, 1950, only after he had carefully heard and considered the contentions and arguments of the respective parties and the authorities cited by them in support thereof. That in the opinion of this respondent, after so hearing and considering such arguments and authorities, this respondent had the right and duty to retain or reinstate said restraining order in order that the appeal from this respondent's final judgment of September 6, 1950, might be effective and that the cause might be preserved in statu quo, and that further litigation might be avoided. That in so concluding, this respondent relied upon the following authorities (citing them)."

The respondent relied upon Riley v. Wilkinson, 247 Ala. 579, 25 So.2d 384, 385, holding that an "appeal from a judgment where statute does not require a supersedeas bond to effect a suspension ordinarily suspends judgment without such a bond."

The respondent also relied upon Ex parte Cudd, 195 Ala. 80, 70 So. 721, holding that an appeal from a decree canceling a mortgage and taxing the costs of the court against the mortgagee, not requiring the performance of any other act by the mortgagee, operates as a stay of execution for costs, without supersedeas bond, since such a decree was not decree for the payment of money under Section 2873 of the Code of 1907, and that the appeal operated to supersede the decree without bond, and other authorities, decisions from other states.

The appeal from said order as perfected by giving a supersedeas bond as required by the order of the court has since been filed in this court and argued and submitted on said appeal. At the time of such argument this case was under submission on the petition praying for the writ of mandamus and the answer of Judge Simmons, the averments of which were not controverted.

The petitioners insist that the Circuit Court of Coffee County, after entering the judgment for the respondents in said prohibition proceeding, denying the issuance of the writ, was without authority to continue in force the temporary prohibition pending the appeal, and that appeals under our statutes or the common law have such effect. The respondent, as indicated by his answer, contends that the effect of the appeal was to suspend the effect of said judgment of the court and also that the court had inherent authority to grant supersedeas, with bond, pending the appeal. The respondent further contends that the judgment from which the appeal was prosecuted, not coming within the provisions of §§ 793, 794 nor 795, Tit. 7, Code 1940, that it *ipso facto* superseded or suspended the effect of the judgment of the circuit court.

The question of the effect of an appeal, when the judgment appealed from did not fall within the provisions of §§ 6132, 6133 nor 6134, Code 1923, Code 1940, Tit. 7, §§ 793–795, was presented on the second appeal in Garrison v. First National Bank of Birmingham, 233 Ala. 687, 689, 173 So. 88, 89, and then decided adversely to petitioners in this case. The court observed:

"The major contention of appellee is that inasmuch as the judgment of November 22, 1934, did not stay the operation of the order, and its effect was not superseded, it was the duty of the garnishee to pay the funds covered by the writ of garnishment to the defendant on his demand. To sustain this contention the appellee cites North Birmingham Trust & Savings Bank v. Hearn et al., 211 Ala. 18, 99 So. 175; Montgomery Gaslight Co. v. Merrick & Sons, 61 Ala. 534; Sherrod, Clerk, v. Davis, Sheriff, 17 Ala. 312; and cases from Arkansas, Wisconsin, and Kentucky.

"The question is determined by the effect of the statutes governing appeals, and for that reason we do not regard decisions from other jurisdictions, having statutes of different effect, authoritative.

"In the case first above cited, North Birmingham Trust & Savings Bank v. Hearn et al., the decree in question was for the payment of money, and was governed by section 2873 of the Code of 1907, now section 6132 of the Code of 1923; therefore, the appeal did not operate to supersede the execution of the decree in the absence of a supersedeas bond.

"The appeal in Montgomery Gaslight Co. v. Merrick & Sons, supra, decided at the December term, 1878, was governed by section 3928 of the Code of 1876, which required a supersedeas bond in all cases to effect a supersedeas. That section provided, inter alia, 'If the decree or judgment be *for anything other than the payment of money,* the chancellor, or register, or judge fixes the bond,' etc. (Italics supplied.) And in that case the judge, in pursuance of the statute, fixed the bond for supersedeas, as appears from the opinion of the court, which states that 'the garnishment was dissolved, the bill of the complainant was dismissed, and it was ordered, that if the complainant within thirty days appealed from the decree, the garnishment should be restored, if she executed a supersedeas bond in the sum of one thousand dollars, payable, and with condition as prescribed by the statute. (Code of 1876, § 3928).'

"The statute regulating the supersedeas of judgments and decrees has been changed since that case was decided. Ex parte Cudd, 195 Ala. 80, 70 So. 721."

The question was again presented on the third appeal and reported as First National Bank of Birmingham v. Garrison, 235 Ala. 687, 180 So. 690, 692, and the holding on the second appeal was reaffirmed. It was there said: "The record shows that the plaintiff in the case at bar without faltering pursued his remedy, as prescribed by the statute, and the rules of practice; that he filed his security for cost of appeal from the erroneous order discharging the garnishee, within the thirty days, and before the circuit court's power had expired, and on his appeal the erroneous order discharging the garnishee was reversed. By this course the continuity of the proceeding was preserved and the controversy remained sub judice."

The statutes interpreted in the Garrison cases have since been readopted in the Code of 1940, Title 7, §§ 793, 794 and 795 without change, with the result that these statutes speak in the light of their previous interpretation. Donahoo Horse & Mule Co. v. Durick, 193 Ala. 456, 69 So. 545; Brown, Treas. v. Gay-Padgett Hardware Co., 186 Ala. 561, 65 So. 333. Moreover since these statutes have been brought forward in the Code of 1940, the court has, in effect, reaffirmed their interpretation in Riley v. Wilkinson, 247 Ala. 579, 25 So.2d 384.

It follows, therefore, that since the appeal superseded the final judgment of the circuit court pending the appeal there was no room for the exercise of the claimed inherent power to grant supersedeas, and to grant mandamus to require its vacation would be doing a useless thing. State v. Still, Judge, 178 Ala. 442, 59 So. 628; Ex parte McFry, 219 Ala. 492, 122 So. 641; Wright v. Aldridge, 219 Ala. 632, 123 So. 33.

I am of the opinion, therefore, that the peremptory writ should be and is denied and the petition dismissed.