250 So.2d 686

**Diana Garrett HARPER**

v.

**Reed Wayne HARPER.**

**6 Div. 98.**

Court of Civil Appeals of Alabama.

June 23, 1971.

Rehearing Denied July 21, 1971.

Joseph W. Adams, Birmingham, for appellant.

Tarter & Wininger, Birmingham, for appellee.

THAGARD, Presiding Judge.

On July 23, 1970, Reed Wayne Harper filed in the Equity Division of the Circuit Court of Jefferson County, Alabama, a bill for a divorce on the ground of cruelty, for the custody of the three children of the marriage, two girls and one boy, ranging in age from two years to seven years, and for general relief, including the embodiment in the decree of a separation agreement signed by the parties and witnessed only by complainant's solicitor. We note, too, that the Note of Testimony reads as follows:

"This cause was submitted in behalf of Complainant upon bill of complaint answer & waiver and agreement and testimony of Reed Wayne Harper

<u>Charles Tarter</u>
Solicitor for Complainant

and in behalf of Respondent upon answer and waiver and testimony of Reed Wayne Harper

<u>Charles Tarter</u>
for Respondent"

It is quite a departure from the usual when an attorney signs for both parties in an adversary proceeding.

The decree of divorce was granted on July 23, 1970, without testimony except the written deposition of the complainant taken before a commissioner and containing only the language of the statute in support of the allegation of cruelty. The separation agreement of the parties, both of whose names were witnessed by Charles Tarter and Charles Tarter only, was made a part of the decree. This separation agreement provided that if a divorce was granted the husband would have the custody of the three small children, with visitation rights

to the wife; the husband would be vested with the full title and interest to the home of the parties; all of the household furniture, furnishings and utensils of the parties; and the Chevrolet automobile of the parties. Although the decree does not reveal it, we hope that the wife was allowed to keep her wearing apparel and that she was furnished taxi fare to some sanctuary available to her.

We believe from the record that the wife was without independent legal advice until after the divorce was granted, although she bestirred herself shortly thereafter, for on August 5, 1970, the Honorable Joe W. Adams as her solicitor presented another Circuit Judge of Jefferson County a "Motion to set aside final decree of divorce." Judge McElroy, to whom the same was presented, made an order setting the same down for a hearing before the judge who had signed the original decree on August 27, 1970. After several orders of continuance the hearing was held before Judge Bailes on October 28, 1970. During the proceedings appellant's lawyer offered testimony in support of the grounds of the motion, to which appellee objected. In the course of the colloquy that followed, appellant's attorney made the statement that appellant wanted only the custody of her children and that the appellee might keep all of the property that had been awarded him. Thereafter, Judge Bailes took the position that appellant could only maintain a petition for modification and dismissed the pending motion without hearing any testimony in support thereof.

Appellee contends that the motion to set aside the decree was no more nor less than an application for a rehearing and that it is governed by equity Rule 62. We agree.

■ We are of the opinion that Judge Bailes misinterpreted Rule 62 by refusing to hear evidence in support of the motion. From Rule 62 we quote:

"The judge may grant or overrule said application or modify said decree, as justice may require, or set same down for rehearing, upon such terms and conditions as he may deem just. In any event. the judge must enter an order or decree setting forth his ruling. *No appeal will lie from such order unless it modifies the decree.* * * *"* (Emphasis supplied)

■ Appellant appealed from the order of the trial judge denying the motion to set aside the original decree, and not from the original decree. Appellee filed a timely motion to dismiss the appeal on the ground that an appeal would not lie from an order denying an application for a rehearing on a final decree and cites Rule 62 and many of the cases cited in the Code under Rule .62 on pages 1273, 1274, and 1275 of Vol. 3 of the 1958 Recompiled Code of 1940.

■ But appellant took the precaution to file a petition for an alternative writ of mandamus directed to the successor of Judge Bailes directing him to vacate the original divorce decree. But in Ex parte Upchurch, 215 Ala. 610, 112 So. 202, and a long line of cases therein cited, it was held that mandamus is not available in cases of this kind. Hence, we have no recourse but to deny appellant's application for the writ.

We are convinced from the record that appellant and her children have not had their day in court. But for the fact that we feel that there should be a full judicial hearing on what is for the best welfare of these young children, we would not make this comment, but we do believe that appellant is not without a remedy and that she and her children may still have their day in court.

Appeal dismissed. Application for writ of mandamus denied.

## ON REHEARING

On application for rehearing it is contended that unless mandamus be granted appellant, no other remedy for relief is

available to her. We suggest to appellant that attention be given to Rule 66, Equity Rules, or Title 7, § 42, Code of Alabama 1940.

Opinion extended. Application for rehearing overruled.